**HARKEY et al. v. LACKEY et al.**

No. 10136.

Court of Civil Appeals of Texas.
Austin.

June 24, 1953.

Rehearing Denied July 15, 1953.

Newman & McCollum by Sam McCollum, Brady, for appellants.

W. C. Haley, Waco, for appellees.

ARCHER, Chief Justice.

The suit was instituted by Louise Lackey, individually and as independent executrix under the last will and testament of L. T. Harkey, deceased, joined by her husband, George Lackey, against Clarence A. Harkey, Maude E. Jones and her husband, Lester Jones, Olin Harkey, Lucille Whitehead and her husband, R. L. Whitehead, L. T.

Harkey, Jr., Leon Harkey, Ruth Mackie and her husband, F. L. Mackie, as defendants. Defendants Clarence E. Harkey, Maude E. Jones, Olin Harkey, Lucille Whitehead, and L. T. Harkey, Jr., were children of L. T. Harkey, deceased, and his first wife. The plaintiff and defendants Leon Harkey and Ruth Mackie were children of L. T. Harkey, deceased, and his second wife.

A jury was duly impaneled to try the case, but at the conclusion of the evidence the case was withdrawn from the jury and judgment rendered in favor of the plaintiffs.

The trial court, after hearing the case and, before rendering his judgment, over the objections of appellants, held that appellants were put to an election as to whether they would take under the last will of L. T. Harkey or take their one-half interest in the 100 acres of land described in plaintiff's petition as Tract One, by inheritance from their mother, who was the first wife of L. T. Harkey.

At the conclusion of the evidence appellees requested the court to submit to the jury the following special issue:

"Do you find from a preponderance of the evidence, if any, that at the time of the conveyance of the 100 acres of land, from I. M. Harkey to L. T. Harkey, on or about the fifteenth day of February, 1905, that I. M. Harkey intended such conveyance to be a gift to L. T. Harkey? Answer, 'Yes' or 'No'."

The court refused to submit the issue requested and appellee has assigned this action as error.

Four points are assigned as error by appellants and the first three are directed to the error of the court in overruling appellants' special exceptions Nos. 1, 2 and 3; the fourth is to the action of the court in holding that appellants were put on election as to whether they would take under the will of L. T. Harkey, Sr., or by inheritance from their mother, Annie Dove Harkey.

The following stipulation was made:

"It is agreed between the parties that L. T. Harkey and his first wife, Annie Dove Harkey, were lawfully married to each other on December 6, 1892, and that the said Annie Dove Harkey died intestate in San Saba County, Texas, on April 24, 1911, and that she left, as her surviving children, and her only heirs, the defendants, Clarence A. Harkey, Maud Harkey, who is now married and is the wife of Lester Jones, Lucille Harkey, who is now married and is the wife of R. L. Whitehead, L. T. Harkey, Jr., and Olin Harkey, and that the said Annie Dove Harkey never adopted a child or children, and she did not leave surviving her a child or children of a deceased child or children.

"It is further agreed that L. T. Harkey died testate on November 21, 1951."

On February 15, 1905, I. M. Harkey by general warranty deed conveyed to L. T. Harkey the 100 acre tract by metes and bounds for a recited consideration of $790, secured to be paid by L. T. Harkey, evidenced by four notes of even date, note No. 1 for $190 and the remaining three notes for $200 each, and due respectively January 1, 1906, 1907, 1908 and 1909, and bearing eight per cent interest, payable annually, and providing for maturity of all notes in event of default and providing for attorney's fees, etc.

The vendor's lien was retained until the notes were paid.

This deed was acknowledged by I. M. Harkey on the 4th of March, 1905, filed for record on the 20th of March, 1905, and recorded in the Deed Records of San Saba County, Texas.

We believe that the trial court properly held that the 100 acre tract of land was the community property of L. T. Harkey and his then wife, Annie Dove Harkey.

The title to the property passed on the date of the execution of the deed and upon the death of Annie Dove Harkey, who died April 24, 1911, intestate, the appellants inherited an undivided one-half interest in the tract of land. Tex.Jur. Vol. 44, p. 736, Sec. 171; p. 864, Sec. 286; p. 867, Sec. 288; p. 869, Sec. 289; Ford v. Bachman, Tex.Civ.App., 203 S.W.2d 630, error ref., n. r. e.; Avery v. Johnson, 108 Tex. 294,

192 S.W. 542; Collins v. Republic National Bank, Tex., 258 S.W.2d 305.

The appellants were the owners of an undivided half interest in the 100 acre tract, but since their father, the testator, in his will gave them the north one-half of the tract the appellants were put to an election under the will.

In the case of Miller v. Miller, 149 Tex. 543, 235 S.W.2d 624, 626, the Court stated:

"An election is required of a devisee or legatee under a will.

" 'Where the provisions of the will seek to impose a responsibility upon or curtail a property right of one who is named as a devisee or legatee, the latter is in the necessity of making an election, either to take the gift upon the conditions imposed by the testator or to renounce the devise or bequest and preserve the rights which are required thereby to be surrendered. "The principle of election is that he who accepts a benefit under a will must adopt the whole contents of the instrument so far as it concerns him, conforming to its provisions and renouncing every right inconsistent with it." * * * '

" * * * 'In 69 C. J., § 2330, pp. 1089, 1090, an election under a will is defined in the following language: "Election is the obligation imposed upon a party to choose between two inconsistent or alternative rights or claims in cases were there is a clear intention of the person from whom he derives one that he should not enjoy both, the principle being that one shall not take any beneficial interest under a will, and at the same time set up any right or claim of his own, even if legal and well founded, which would defeat or in any way prevent the full effect and operation of every part of the will. The principle underlying the doctrine of election is not statutory, but is purely equitable, and was originally derived from the civil law, * * *." ' "

The second and third paragraphs of the will of L. T. Harkey are as follows:

"Second. I will, give, devise and bequeath to Clarence A. Harkey, Maude E. Jones, Lucille Whitehead, L. T. Harkey, Jr., and Olin Harkey, my children by my beloved first wife, Annie, the sum of One and 00/100 ($1.00) Dollar each, and the North one-half of a one hundred acre tract of land owned by me as evidenced by a deed recorded in Volume 41, Page 239, of the Deed Records of San Saba County, Texas. This fifty acres of land is given and devised to Clarence, Maude, Lucille, L. T., Jr., and Olin, share and share alike.

"Third. I will, give, devise and bequeath to Leon Harkey, Louise Lackey, and Ruth Mackie, my children by my beloved second wife, Ida, the South one-half of the one hundred acre tract above mentioned, consisting of fifty acres and an adjoining 78.93 acre tract of land owned by me and evidenced by a deed of record in the Deed Records of San Saba County, Texas. These 128.83 acres and any residue of my property, both real, personal and mixed of whatsoever nature, wheresoever situated, and howsoever acquired I give and devise to Leon, Louise and Ruth, share and share alike."

It is seen that under the will of L. T. Harkey that he was attempting to dispose of the entire 100 acre tract by giving the appellants the north half and the appellees the south half, and the appellants were therefore required to adopt the whole contents of the will so far as it concerns them and renounce every right inconsistent with it. Upson v. Fitzgerald, 129 Tex. 211, 103 S.W.2d 147; Wicker v. Rowntree, Tex. Civ.App., 185 S.W.2d 150 (writ ref., w. o. m.).

While there is no statutory requirement as to the time in which an election must be made, we believe that under the circumstances here sufficient time has elapsed, and that the appellants have elected to keep their undivided interest and not take under the will.

The judgment of the trial court is affirmed.

Affirmed.