**Jane MANGRUM, As Independent Executrix of the Estate of G. David Conrad, Deceased, Appellant**

v.

**Janet CONRAD, Appellee.**

**No. 05–05–00330–CV.**

Court of Appeals of Texas, Dallas.

March 9, 2006.

David M. Stagner, Stagner & Corley, Sherman,TX, for Appellant.

Peter K. Munson, Munson Munson Pierce & Cardwell, P.C., Sherman, TX, for Appellee.

Before Justices WHITTINGTON, WRIGHT, and FITZGERALD.

## OPINION

Opinion by Justice WHITTINGTON.

Jane Mangrum as Independent Executrix of the Estate of G. David Conrad, Deceased, appeals the trial court's summary judgment in favor of Janet Conrad. In three issues, Mangrum alleges the trial court erred because there were no pleadings filed by Conrad for affirmative relief; Conrad is estopped from claiming under the will after she accepted benefits reserved for a surviving spouse; and there were genuine issues of material fact precluding summary judgment. We affirm the judgment of the trial court.

### STANDARD OF REVIEW

■ The parties filed cross-motions for summary judgment. When both parties move for summary judgment, each party bears the burden of establishing that she is entitled to judgment as a matter of law. *City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 356 (Tex.2000). When the trial court grants one party's motion for summary judgment and denies the other party's motion, we review both sides' sum-

mary judgment evidence, determine all questions presented, and render the judgment the trial court should have rendered. *FM Props. Operating Co. v. City of Austin,* 22 S.W.3d 868, 872 (Tex.2000).

## BACKGROUND

Dr. G. David Conrad died on April 6, 2001. He was survived by his second wife of approximately fifteen years, appellee Janet Conrad (referred to in this opinion as "Conrad"), and two adult children from a prior marriage, appellant Jane Mangrum and John J. Conrad. Dr. Conrad left a will dated April 23, 1998, appointing his daughter as his independent executrix and making the following provision for his wife Janet:

> The provision in this paragraph giving my wife, should she survive me, one-half ( ½) of the net proceeds of the liquidation of my assets covered by this paragraph are expressly conditioned upon and subject to my aforesaid wife expressly waiving any rights as a surviving spouse to occupy the home in which we are residing following my death and expressly waiving any other allowances to her as may be provided by law as a surviving spouse. Should my wife, refuse to waive rights of homestead and/or any other statutory allowances or provisions afforded her as a surviving spouse, then all provisions of this Will in favor of my surviving spouse become null and void and all of my property of every kind and nature shall vest entirely in my son and daughter. . . .

The parties do not dispute the will required Conrad to choose between her rights as surviving spouse and the one-half interest conferred by the will. The parties also agree that for more than two years after Dr. Conrad's death, Conrad continued to live in the home she shared with Dr. Conrad during their marriage. The parties disagree whether Conrad made a timely election to take under the will. Both parties presented summary judgment evidence on the issue. Because Conrad established her right to judgment as a matter of law, we affirm the trial court's judgment.

## DISCUSSION

In her first issue, Mangrum contends there are no pleadings to support the judgment in Conrad's favor. She argues Conrad did not file any pleadings requesting affirmative relief prior to the summary judgment hearing. All pleadings have been filed under the cause number of G. David Conrad's estate. At the time Conrad filed her summary judgment motion, numerous pleadings had already been filed. Mangrum initiated the case on April 18, 2001, by filing an application to admit G. David Conrad's will to probate. On December 28, 2001, Conrad filed an application to have Mangrum removed as independent executrix. On July 9, 2003, Mangrum filed her Original Petition for Declaratory Judgment. On July 28, 2003, Conrad filed a verified "Election Under the Last Will and Testament of David G. Conrad."

The trial judge then entered a scheduling order on September 3, 2004. Under the order, dispositive motions were to be filed by October 1, 2004; responses were to be filed by October 15, 2004; and a hearing on all dispositive motions was set for October 22, 2004. Both parties filed motions for summary judgment and responses pursuant to the order, and appeared through their counsel at the scheduled hearing.

On the day of the hearing, both parties filed additional documents. Conrad filed an amended application to remove the independent executrix. Mangrum filed a motion for judgment *nihil dicit* and a mo-

tion to strike Conrad's motion for summary judgment. At the hearing, the trial judge took these motions under advisement, and Conrad's attorney requested leave to file an answer and to respond in writing to Mangrum's motions. The trial judge gave each party permission to file "anything else in addition that you want to provide" by October 29, 2004. By the October 29 deadline, Conrad filed a response to Mangrum's two motions and an original answer to Mangrum's original petition for declaratory judgment. In the January 28, 2005 judgment, the trial judge denied Mangrum's motion to strike, motion for judgment *nihil dicit*, and motion for summary judgment, and granted Conrad's motion for summary judgment.

We hold Conrad's pleadings were sufficient to support her motion for summary judgment, for several reasons. First, Mangrum's objections to Conrad's pleadings were not raised until the hearing. The trial judge gave Conrad permission to make additional filings, which was within his discretion to do. *See* Tex.R. Civ. P. 66 ("if during the trial any defect, fault or omission in a pleading, either of form or substance, is called to the attention of the court, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the allowance of such amendment would prejudice him in maintaining his action or defense upon the merits"); *Goswami v. Metro. Sav. & Loan Ass'n*, 751 S.W.2d 487, 490 (Tex.1998) (summary judgment proceeding is a trial within meaning of rules of civil procedure governing amendment of pleadings). Conrad filed an answer as well as responses to Mangrum's motions, thus curing any alleged defect in her pleadings. *See also* Tex.R. Civ. P. 166a(c) (summary judgment shall be rendered if pleadings on file at time of hearing "or

filed thereafter and before judgment with permission of the court" show no genuine issue of material fact).

Second, by filing her election in response to Mangrum's petition for declaratory judgment, and by filing her motion for summary judgment alleging she had elected to take under the will, Conrad had already placed the merits of the case at issue. *See Frymire Eng'g Co. v. Grantham*, 524 S.W.2d 680, 681 (Tex.1975) (true *nihil dicit* judgment is limited to situations where defendant has entered a plea but has not placed merits of plaintiff's case in issue, or answer has been withdrawn). Mangrum's petition for declaratory judgment requested a declaration that the will required an election and Conrad's refusal to waive her statutory rights for the use of the family homestead constituted an election not to take under the will. Conrad's election explicitly waived her rights as a surviving spouse and stated she elected "to take one-half (½) of the residue of the Estate in accordance with the terms of the Will." Conrad's filing directly addressed the issue raised in Mangrum's petition for declaratory judgment. *See Terehkov v. Cruz*, 648 S.W.2d 441, 442–43 (Tex.App.-San Antonio 1983, no writ) (pleading sufficient if gives fair and adequate notice to pleader's adversary; letter from defendant sufficient to place in issue merits of plaintiff's cause of action so as to prevent entry of default judgment); *Hughes v. Habitat Apartments*, 860 S.W.2d 872, 872–73 (Tex. 1993) (pauper's affidavit sufficed as pro se answer entitling defendant to notice of hearing on motion for default judgment).

Third, Mangrum's petition, filed after Conrad's motion to remove Mangrum as independent executrix, was in the nature of a counterclaim, for which a general denial is deemed to have been pleaded by a party who has made an appearance in the action. *See* Tex.R. Civ. P. 92 ("when a

counterclaim or cross-claim is served upon a party who has made an appearance in the action, the party so served, in the absence of a responsive pleading, shall be deemed to have pleaded a general denial of the counterclaim or cross-claim").

Finally, we reject Mangrum's argument that some additional plea for affirmative relief was required to support Conrad's motion for summary judgment. Rule 166a(b) of the Texas Rules of Civil Procedure provides "a party against whom ... a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof." Tex.R. Civ. P. 166a(b). Conrad sought summary judgment that she "has expressly and impliedly exercised her election to take under the Will," the same issue raised in Mangrum's petition for declaratory judgment. We overrule Mangrum's first issue.

■■■ In her second and third issues, Mangrum alleges the trial judge erred in denying her motion for summary judgment and granting Conrad's. In both issues she contends Conrad's actions in accepting benefits reserved for surviving spouses precluded Conrad from making an election to take under the will, either by estoppel or by creating a fact issue regarding election. We consider these issues together. Ordinarily the question whether an election has been made is one of fact for the jury, but may be resolved as a matter of law where reasonable minds could not differ. *See White v. Hebberd,* 89 S.W.2d 482, 486 (Tex.Civ.App.-El Paso 1936, no writ). The party asserting estoppel has the burden of proving the essential elements of estoppel, and the failure to prove any element is fatal. *Adams v. First Nat. Bank of Bells/Savoy,* 154 S.W.3d 859, 876 (Tex. App.-Dallas 2005, no pet.).

■■ Mangrum contends Conrad stayed on the property for over two years, changed the utilities into her own name, planted flowers, threatened an injunction regarding sale of the horses, and refused to sign a written election form when Mangrum's attorney requested she do so. Mangrum concludes Conrad's conduct estops her from making an election under the will, or creates a fact issue regarding whether Conrad made an election to take under the will. In essence, Mangrum claims it can be implied from Conrad's conduct that Conrad refused to waive her rights as surviving spouse.

We reject Mangrum's arguments because they are inconsistent with the unambiguous requirements of Dr. Conrad's will. The gift to Conrad was conditioned on Conrad *"expressly* waiving any rights of a surviving spouse to occupy the home in which we are residing following my death and *expressly* waiving any allowances to her as may be provided by law as a surviving spouse." (Emphasis added.) Only if Conrad refused to waive these rights would the gift to her under the will become null and void. Mangrum's motion, premised on what might be implied from Conrad's actions, was properly denied where the will required an express waiver.

Conrad offered evidence of her own express conduct. She testified she told Bob Minshew, Mangrum's attorney, that she was electing to take under the will:

Q: [D]o you know if you told Mr. Minshew you were taking under the will?

A: Yes, that's what I'm testifying to is that I told him.

Subsequently attorney Susan G. Sprouse represented Mangrum and wrote a letter to Conrad's attorney stating, "We understand that your client, Janet Conrad, has decided to take under Mr. Conrad's will, rather than exercise her homestead rights.

We propose that, once the inventory has been filed, we all meet to discuss the payment of certain bills and the disposition of certain estate assets." The summary judgment evidence offered by Conrad shows she made an express election to take under the will, communicated the election to Mangrum's attorneys, and the attorneys understood it as such, even before she made a formal written election and filed it with the court in July, 2003. Mangrum does not offer evidence to controvert these facts.

Mangrum did offer evidence regarding a settlement conference she and Conrad attended in 2002. She alleges her attorneys gave Conrad a form to sign at the conference to make the election to take under the will, and Conrad refused to sign it. The evidence showed Mangrum's attorneys actually presented Conrad with two forms, one to make an election to take under the will, and the other to waive all rights under the will. Conrad signed neither. In fact, none of the settlement documents were signed because no settlement was reached. Mangrum argues we can imply a refusal to waive her rights as a surviving spouse from Conrad's refusal to sign the election. An equally reasonable implication would be that Conrad refused to waive her rights under the will. In any event, neither implication can be the basis for summary judgment where the will unambiguously requires an express waiver.

Neither the will nor any statute required the election to be made at any particular time or by any particular method, although a court may conclude sufficient time has elapsed for making an election. *See Harkey v. Lackey*, 259 S.W.2d 641, 643 (Tex.Civ.App.-Austin 1953, writ ref'd n.r.e.) (while there is no statutory requirement as to time in which election must be made, under circumstances time for making election had elapsed as estate was ready for closing). Conrad made one election shortly after her husband's death, and another in writing in response to Mangrum's request for declaratory judgment. Reviewing the circumstances surrounding the timing, Conrad offered evidence that although she made and conveyed her decision to take under the will shortly after her husband died, she remained on the property to care for the livestock until they were sold, because the estate did not make provision for their care after Dr. Conrad died. She took daily care of the horses until the estate sold them in May or June of 2003, and moved out of state a month later. In this same time period Mangrum filed her request for declaratory judgment and Conrad responded to it with her written election. We conclude Conrad established as a matter of law she timely elected to take under the will. We overrule Mangrum's second and third issues.

We affirm the trial court's judgment.