COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

§

ENCHILADA'S NORTHWEST, INC.,                    No. 08-08-00142-CV

§

    Appellant,                              Appeal from

§

v.                                               192nd District Court

§

L&S RENTAL PROPERTIES,                           of Dallas County, Texas

§

    Appellee.                               (TC # 06-5664-K)

§

# O P I N I O N

Enchilada's Northwest, Inc. appeals from a judgment awarding damages and attorney's fees to L&S Rental Properties following a jury trial. At issue is whether Enchilada's established its affirmative defenses of waiver and estoppel in this suit for breach of a lease agreement. Because it did not, we affirm the judgment of the court below.

## FACTUAL SUMMARY

L&S and Enchilada's entered into a lease agreement for restaurant space on Northwest Highway in Dallas, Texas. The original lease ran from June 21, 1993 to July 1, 1998. Enchilada's exercised a renewal option for an additional five year term, at the end of which the parties amended the agreement to extend the lease again from July 1, 2003 until June 30, 2008. Under the amended agreement, Enchilada's could terminate the lease early but it was required to provided notice:

> LANDLORD further grants Tenant the right to terminate Lease Agreement by notifying LANDLORD One Hundred Eighty (180) days prior to such termination. Notice to terminate shall be in writing and sent by certified mail to L & S PROPERTIES AT 5510 Williamstown Rd, Dallas, tx. 75230. All verbal or oral notices are not deemed as notification of such termination. Should Tenant exercise right to terminate, Tenant shall pay all rents due and payable of terminate period (180

days).

On October 12, 2005, Jack Stoller of L&S sent Enchilada's a letter regarding delinquent rent. Enchilada's owner, Tony Waldrop, called Stoller and asked to meet with him. Stoller agreed and he went to Waldrop's office on October 20, 2005. Waldrop had requested the meeting to discuss an issue with the water meter at the property and a co-tenant's failure to pay her share of water usage. The conversation became heated and Waldrop threatened several times that if L&S did not resolve the water situation, Enchilada's might have to move. While Stoller was walking out of the meeting, Waldrop again threatened to move if the problem was not resolved and Stoller responded, "Move." Stoller testified Waldrop had threatened to move many times in the past but had not done so.

On March 20, 2006, Enchilada's gave written notice that it intended to terminate the lease and vacate the space on May 1, 2006. It claimed the parties had orally agreed that the lease would terminate on April 18, 2006 but it need until May 1 to vacate. L&S sent a reply letter on March 23, 2006 accepting the notice of termination. L&S denied the existence of an oral agreement and notified Enchilada's that the 180-day notice period required rent to be paid from March 20, 2006 to September 16, 2006. On April 19, 2006, counsel for L&S sent a similar letter, advising that despite the fact Enchilada's was vacating the premises, it was nevertheless obligated to pay rent throughout the 180-day notice period as required by the lease. At some point thereafter, Stoller went to the property and found the premises locked and empty. A sign in the window stated Enchilada's was moving to a new location. When Enchilada's did not pay rent for May 2006, counsel for L&S sent a third letter, explaining that L&S had found a tenant to occupy the space but the new tenant would not begin to pay rent until October 1, 2006 due to the "finish out." At trial, Stoller testified that L&S leased the space to the adjacent tenants but they had requested construction modifications. The lease term began on June 1, 2006, but L&S did not charge them rent until October 1, 2006. Sometime in

May 2006, Stoller requested and obtained the key from Enchilada's so he could enter the property and begin preparations for the new tenants. Enchilada's did not pay rent for May, June, July, August, and September 2006. L&S filed suit for breach of contract seeking unpaid rent in the amount of $14,175, plus interest and attorney's fees. Enchilada's filed an answer asserting a general denial and pleading the affirmative defenses of waiver and estoppel.

At the jury trial, Enchilada's based its waiver defense primarily on the October 2005 conversation between Stoller and Waldrop. The jury found that L&S and Enchilada's entered into an agreement regarding the amount of notice required to terminate the lease and that Enchilada's failed to comply with the agreement. The jury specifically found that Enchilada's failure to comply was not excused by waiver on the part of L&S. The jury awarded damages in the amount of $14,175, and the trial court entered judgment in favor of L&S for damages, prejudgment interest, and attorney's fees.

## AFFIRMATIVE DEFENSE OF WAIVER

Enchilada's raises two issues related to waiver. In Issue One, Enchilada's contends that as a matter of law, L&S waived any right to require 180-days' notice of intent to terminate the lease when Stoller told Waldrop to "get out." In Issue Two, Enchilada's claims that L&S waived its right to collect rent during the notice period because Stoller asked that Enchilada's voluntarily surrender physical possession of the lease premises prior to its expiration.

### Standard of Review

Where the party having the burden of proof suffers an unfavorable finding (failure to find), the proper complaint is that the fact was established as "a matter of law." When attacking the legal sufficiency of the evidence to support an adverse finding on an issue for which it had the burden of proof, an appellant must demonstrate that the evidence conclusively established all vital facts in

support of the issue. *Dow Chemical Company v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001), *citing Sterner v. Marathon Oil Company*, 767 S.W.2d 686, 690 (Tex. 1989); *Duran v. Garcia*, 224 S.W.3d 309, 312 (Tex.App.--El Paso 2005, no pet.). A party attempting to overcome an adverse fact finding as a matter of law must surmount two hurdles. *Sterner*, 767 S.W.2d at 690; *Duran*, 224 S.W.3d at 312. First, the record must be examined for evidence that supports the finding, while ignoring all evidence to the contrary. *Sterner*, 767 S.W.2d at 690; *Duran*, 224 S.W.3d at 312. Second, if there is no evidence to support the finding, then the entire record must be examined to see if the contrary proposition is established as a matter of law. *Sterner*, 767 S.W.2d at 690; *Duran*, 224 S.W.3d at 312. Only if the contrary position is conclusively established will the legal sufficiency challenge be sustained. *Duran*, 224 S.W.3d at 312-13.

*Applicable Law*

Waiver is defined as the intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right. *Jernigan v. Langley*, 111 S.W.3d 153, 156 (Tex. 2003); *Industrial Communications, Inc. v. Ward County Appraisal District*, 296 S.W.3d 707, 721 (Tex.App.--El Paso 2009, pet. filed). Waiver may be written or oral, and it may be shown by circumstances or course of dealing. *Carpet Services, Inc. v. George A. Fuller Company of Texas, Inc.*, 802 S.W.2d 343, 346 (Tex.App.--Dallas 1990), *aff'd*, 823 S.W.2d 603 (Tex. 1992). Waiver can be established by a party's express renunciation of a known right, or by silence or inaction for so long a period as to show an intent to yield the known right. *Aguiar v. Segal*, 167 S.W.3d 443, 451 (Tex.App.--Houston [14th Dist.] 2005, pet. denied). Waiver is largely a matter of intent, and for implied waiver to be found through a party's actions, intent must be clearly demonstrated by the surrounding facts and circumstances. *Jernigan*, 111 S.W.3d at 156; *Motor Vehicle Board v. El Paso Independent Automobile Dealers Association, Inc.*, 1 S.W.3d 108, 111 (Tex. 1999). There can be

no waiver of a right if the person sought to be charged with waiver says or does nothing inconsistent with an intent to rely upon such right. *Jernigan*, 111 S.W.3d at 156.

*The October 2005 Meeting*

Both Stoller and Waldrop testified about the October 20, 2005 meeting which formed the basis for Enchilada's waiver defense. Stoller went to Waldrop's office to discuss problems with a water meter. As soon as Stoller walked in, Waldrop began talking to him in an intimidating manner, complaining that they had to resolve the water problem or the business might have to move. The conversation became heated but Stoller tried to control his temper. Stoller attempted to leave the meeting three different times but Waldrop stopped him each time. Finally, Stoller walked to the door, telling Waldrop "I've had enough." Waldrop reiterated, "[I]f you're not going to help us resolve this water deal, we may have to move." Exasperated by this point, Stoller simply said, "Move." He denied telling Waldrop to "get out" or receiving any notice that Enchilada's might leave the premises prior to the termination date. In fact, Waldrop had made similar threats in the past but had not moved. Stoller expressly denied discussing with Waldrop a termination of the lease.

Waldrop had a different recollection of the meeting. He recalled that Stoller came to collect the rent but they also met to discuss problems with the property and Stoller's "stonewalling." He characterized the discussion about the water meter as the "straw that broke the camel's back." Stoller refused to help with the water meter problem but Waldrop believed he should get involved because it was his property. They discussed other problems including potholes in the parking lot and the mansard, but Stoller did not agree to resolve these issues either. The conversation grew heated and Waldrop told Stoller that if the problems were not resolved, he was going to move. Stoller responded "Move. Get out." On cross-examination, Waldrop admitted this was the entirety of the discussion and that he did not tell Waldrop the business would be moving out on April 18, 2006.

Waldrop also admitted that he testified on deposition that he did not give written notice because he did not remember the lease required it.

Waldrop's wife was present and overheard the conversation between Stoller and her husband. She recalled that Stoller said he was unwilling to pay for the repairs that Waldrop wanted done and Waldrop asked, "If we can't have the facility fixed and in good working order, how can we continue?" Stoller replied, "Well, then I guess you'll just have to get out." Stoller purportedly repeated these remarks as he was leaving.

The trial court submitted the waiver issue to the jury:

> Was Enchilada's Northwest, Inc.'s failure to comply [with the notice requirement] excused?
>
> Failure to comply by Enchilada's Northwest, Inc. is excused if compliance was waived by L&S Rental Properties.
>
> Waiver is an intentional surrender of a known right or intentional conduct inconsistent with claiming the right.

The jury returned a negative answer.

*Right to Advance Written Notice*

The first issue before us is whether there is more than a scintilla of evidence supporting the jury's determination that L&S did not intentionally surrender its right to 180-days' written notice of Enchilada's termination of the lease nor engage in intentional conduct inconsistent with claiming that right. Assuming for purposes of our legal sufficiency review that the jury believed Stoller's version of the confrontation, there is evidence that Stoller told Waldrop to move when Waldrop threatened to leave if the problems with the premises were not corrected. Stoller denied telling Waldrop to get out. Waldrop's threat contemplated moving out at a future date if the problems were not resolved and Stoller, admittedly angry, simply responded, "Move." Based on this evidence, we conclude Stoller neither expressly nor impliedly agreed to waive the lease requirement that Enchilada's give written notice 180 days before it terminated the lease. Stoller's remark is not inconsistent with claiming the right to notice. Because the jury's negative answer is supported by more than a scintilla of evidence, it is unnecessary to address whether Enchilada's conclusively proved its waiver defense. Issue One is overruled.

*Waiver of Right to Collect Monthly Rent*

We next consider whether L&S waived its right to collect rent during the 180-day notice period. Enchilada's vacated the premises in April 2006 and re-opened at a different location around May 12, 2006. Stoller went to the leased premises in April 2006 and found it locked and empty. When L&S did not receive the May rent, Stoller asked for the key so he could prepare the property for new tenants. L&S leased the premises to adjacent tenants on June 1, 2006. Although it obtained the key in May, L&S continued to claim its right to collect rent during the notice period. On May 12, 2006, its attorney sent a demand letter for payment of rent due and warned that L&S would file suit if Enchilada's did not tender payment. Based on the foregoing evidence, the jury could have

reasonably found that L&S did not intentionally waive its right under the lease to collect rent during the notice period. Further, there was sufficient evidence for the jury to find that L&S's conduct was not inconsistent with claiming that right. Because the jury's negative answer is supported by more than a scintilla of evidence, it is unnecessary to address whether Enchilada's conclusively proved its waiver defense. Issue Two is overruled.

## ESTOPPEL

In Issues Three and Four, Enchilada's offers two arguments related to estoppel. In Issue Three, Enchilada's contends that L&S is estopped to require 180-days' notice because Stoller told Waldrop to get out and Waldrop agreed to do so. In its final issue, Enchilada's maintains that L&S is estopped from collecting rent because Stoller requested that Waldrop voluntarily surrender physical possession of the leased premises prior to expiration of the notice period.

L&S counters that Enchilada's did not preserve these issues for review. Estoppel is an affirmative defense. TEX.R.CIV.P. 94. While Enchilada's pled estoppel in its answer, the record does not reflect that it requested a jury instruction or that the trial court denied the instructions. Enchilada's has attached its proposed instructions to its reply brief, but they are not included in the clerk's record and do not bear a file mark or the signature of the trial court refusing to submit them. Moreover, the record does not reflect that Enchilada's tendered the instructions to the court or that the court refused them. Rule 279 provides that: "Upon appeal all independent grounds of recovery or of defense not conclusively established under the evidence and no element of which is submitted or requested are waived." TEX.R.CIV.P. 279. By failing to obtain a jury finding on the affirmative defense of estoppel, Issues Three and Four are waived unless Enchilada's "conclusively established" this affirmative defense. *See T.O. Stanley Boot Co., Inc. v. Bank of El Paso*, 847 S.W.2d 218, 222-23 (Tex. 1992), *citing* TEX.R.CIV.P. 279.

To prove the affirmative defense of equitable estoppel, Enchilada's must conclusively prove: (1) a false representation or concealment of material facts, (2) made with actual or constructive knowledge of those facts, (3) with the intention that it should be acted on, (4) to a party without knowledge, or the means of knowledge of those facts, (5) who detrimentally relied upon the misrepresentation. *Schroeder v. Texas Iron Works, Inc.*, 813 S.W.2d 483, 489 (Tex. 1991). The party relying upon estoppel has the burden of proof, and the failure to prove any element is fatal. *Barfield v. Howard M. Smith Company*, 426 S.W.2d 834, 838 (Tex. 1968); *Mangrum v. Conrad*, 185 S.W.3d 602, 606 (Tex.App.--Dallas 2006, pet. denied).

Enchilada's asserts that the parties orally agreed to terminate the lease, but Stoller concealed his true intent to require Enchilada's to provide written notice as required by the lease. We understand Enchilada's to argue that Stoller falsely agreed that Enchilada's could terminate the lease. Stoller and Waldrop contradicted each other regarding exactly what was said at the October 2005 meeting. After Waldrop told Stoller that Enchilada's might have to move if the problems with the property were not resolved, Stoller retorted, "Move." Given the contradictions in the testimony, Enchilada's has not conclusively proven that L&S made a false representation or concealed material facts. Because Enchilada's did not conclusively prove the first element of its affirmative defense, it has waived its third issue.

Finally, Enchilada's claims that L&S is estopped from collecting monthly rent because L&S asked Enchilada's to surrender physical possession of the leased premises prior to expiration of the notice period. Enchilada's has not identified any false representation made by L&S or Stoller in connection with this specific estoppel claim. Having failed to conclusively prove its estoppel defense, Enchilada's has waived Issue Four. We overrule Issues Three and Four and affirm the judgment of the trial court.

March 24, 2010

_____
ANN CRAWFORD McCLURE, Justice

Before McClure, J., Rivera, J., and Chew, Judge
Chew, Judge, sitting by assignment