COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
CARLOS DURAN,                                          )                  No. 08-04-00151-CV
)
                                    Appellant,                        )                             Appeal from
)
v.                                                                          )                  383rd District Court
)
LUZ ELENA GARCIA,                                      )                  of El Paso County, Texas
)
                                    Appellee.                          )                  (TC# 2002AG6711) 


O P I N I O N

            Carlos Duran appeals from an order awarding retroactive child support for a child he fathered
during a long-term extramarital relationship. Finding no error, we affirm. 
FACTUAL SUMMARY
            Brenda Garcia was born on March 27, 1984 to Luz Elena Garcia and Carlos Duran. At the
time, Duran was married to another woman and Garcia worked as a live-in housekeeper for a family
in El Paso. Garcia’s sister cared for the child in Juarez, Mexico while Garcia worked in El Paso.
One weekend each month, Garcia would visit Brenda in Juarez and every week she would send
money for her daughter’s support. Once Brenda turned fifteen, the necessary paperwork was
completed so she could attend high school in the United States. She moved to El Paso and lived
with another relative.
            Throughout this period of time, Duran and Garcia continued to date. In 2001, three weeks
after his wife passed away, Duran asked Garcia to leave her job and move into his home. The couple
lived together for fifteen months. After they separated, the Attorney General brought suit to establish
paternity and child support. Following a bench trial, the court ordered Duran to pay $7,680 in
retroactive child support. At the time of trial, Brenda was already eighteen. No order for current
support was rendered.
            The trial court entered formal findings of fact. He found that Duran’s actual income was
never established, but he had an income in excess of the minimum hourly wage and net monthly
resources of at least $803. Duran does not challenge these findings on appeal. The trial court
applied the statutory child support guidelines of 20 percent to his net monthly resources to find that
child support should be established at $160 per month. He then ordered retroactive support which
was reduced to judgment and assigned to the Attorney General. Simple mathematical calculations
indicate that the judgment represents support of $160 per month for a period of 48 months before
suit was filed. See Tex.Fam.Code Ann. § 154.131(c)(Vernon 2002). We presume that an award
made in compliance with Section 154.131 is reasonable and in the best interest of the child.
Tex.Fam.Code Ann. § 154.131(c).
            Duran does not complain that this presumption was rebutted. Instead, he brings three issues
for review. Broadly stated, he complains that the trial court erred in awarding child support payable
to Garcia because she never had actual physical possession of the child. He also contends that the
court failed to consider the actual support he had paid for his daughter, the undue hardship of paying
the retroactive support, and the age and needs of the child. His issues for review as drafted challenge
the legal sufficiency of the evidence to support the trial court’s findings of fact and complain that
the support order constitutes an abuse of discretion.
 STANDARDS OF REVIEW
            In considering a legal sufficiency or “no evidence” point, we consider only the evidence
which tends to support the fact findings and disregard all evidence and inferences to the contrary. 
Garza v. Alviar, 395 S.W.2d 821, 823 (Tex. 1965); Worsham Steel Co. v. Arias, 831 S.W.2d 81, 83
(Tex.App.--El Paso 1992, no writ). If any probative evidence supports the findings, the judgment 
must be upheld. In re King’s Estate, 150 Tex. 662, 244 S.W.2d 660, 661-62 (1951); Neily v. Aaron,
724 S.W.2d 908, 913 (Tex.App.--Fort Worth 1987, no writ). This deferential standard prevents us
from considering conflicting evidence, much less weighing it. In a bench trial, findings of fact are
the equivalent of a jury answer to the special issues. Associated Telephone Directory Publishers,
Inc. v. Five D’s Publishing Co., Inc., 849 S.W.2d 894, 897 (Tex.App.--Austin 1993, no writ);
Lorensen v. Weaber, 840 S.W.2d 644 (Tex.App.--Dallas 1992), rev’d on other grounds sub nom.;
Exxon Corp. v. Tidwell, 816 S.W.2d 455, 459 (Tex.App.--Dallas 1991), rev’d on other grounds, 867
S.W.2d 19 (Tex. 1993); A-ABC Appliance of Texas, Inc. v. Southwestern Bell Telephone Co., 670
S.W.2d 733, 736 (Tex.App.--Austin 1984, writ ref’d n.r.e.).
            There are two separate legal insufficiency claims. When the party without the burden of
proof suffers an unfavorable finding, the challenge is one of “no evidence to support the finding.” 
See Creative Manufacturing, Inc. v. Unik, 726 S.W.2d 207 (Tex.App.--Fort Worth 1987, writ ref’d
n.r.e.). Where, as here, the party having the burden of proof suffers an unfavorable finding (failure
to find), the proper complaint is that the fact was established as “a matter of law.” Stated differently,
when attacking the legal sufficiency of the evidence to support an adverse finding on an issue for
which it had the burden of proof, an appellant must demonstrate that the evidence conclusively
established all vital facts in support of the issue. Sterner v. Marathon Oil Company, 767 S.W.2d
686, 690 (Tex. 1989); In re Estate of Livingston, 999 S.W.2d 874, 879 (Tex.App.--El Paso 1999, no
pet.). A party attempting to overcome an adverse fact finding as a matter of law must surmount two
hurdles. Sterner, 767 S.W.2d at 690; In re Estate of Livingston, 999 S.W.2d at 879. First, the record
must be examined for evidence that supports the finding, while ignoring all evidence to the contrary. 
Sterner, 767 S.W.2d at 690; In re Estate of Livingston, 999 S.W.2d at 879. Second, if there is no
evidence to support the finding, then the entire record must be examined to see if the contrary
proposition is established as a matter of law. Sterner, 767 S.W.2d at 690; In re Estate of Livingston,
999 S.W.2d at 879. Only if the contrary position is conclusively established will the point of error
be sustained. In re Estate of Livingston, 999 S.W.2d at 879-80.
            Most of the appealable issues in family law are evaluated against an abuse of discretion
standard, be it the issue of property division incident to divorce or partition, conservatorship,
visitation, or child support. Tate v. Tate, 55 S.W.3d 1, 5-6 (Tex.App.--El Paso 2000, no pet.). The
term “abuse of discretion” is not susceptible to rigid definition. Landon v. Jean-Paul Budinger, Inc.,
724 S.W.2d 931, 934 (Tex.App.--Austin 1987, no writ). The test for an abuse of discretion is not
whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial
court’s action, but whether the court acted without reference to any guiding rules and principles. 
Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 242 (Tex. 1985), cert. denied, 476 U.S.
1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986), citing Craddock v. Sunshine Bus Lines, 134 Tex. 388,
133 S.W.2d 124, 126 (Tex.Comm.App.--1939, opinion adopted). Stated differently, the appropriate
inquiry is whether the ruling was arbitrary or unreasonable. Smithson v. Cessna Aircraft Company,
665 S.W.2d 439, 443 (Tex. 1984); Landry v. Travelers Insurance Co., 458 S.W.2d 649, 651 (Tex.
1970). The mere fact that a trial judge may decide a matter within his discretionary authority in a
different manner than an appellate judge in a similar circumstance does not demonstrate that an
abuse of discretion has occurred. Southwestern Bell Telephone Co. v. Johnson, 389 S.W.2d 645, 648
(Tex. 1965); Jones v. Strayhorn, 159 Tex. 421, 321 S.W.2d 290, 295 (1959).
            While an appellant may challenge the sufficiency of the evidence to support findings of fact,
in most circumstances, that is not enough. In the child support context, an appellant may challenge
the sufficiency of the evidence to support a finding of net resources, a finding of the proven needs
of the child, a finding of voluntary unemployment or underemployment, or a finding of a material
and substantial change in circumstances. Knight v. Knight, 131 S.W.3d 535, 539 (Tex.App.--El Paso
2004, no pet.). We employ a two pronged analysis: (1) Did the trial court have sufficient information
upon which to exercise its discretion, and (2) did the trial court err in its application of discretion?
Lindsey v. Lindsey, 965 S.W.2d 589, 592 (Tex.App.--El Paso 1998, no pet.). We apply the
traditional sufficiency review to the first question. Id. Once we have determined whether sufficient
evidence exists, we then must decide whether the trial court made a reasonable decision. Knight,
131 S.W.3d at 539; Lindsey, 965 S.W.2d 592. In other words, we must conclude the court’s decision
was not unreasonable or arbitrary. Id. 
IS PHYSICAL POSSESSION REQUIRED?
            In Issues One and Three, Duran contends the trial court erred in finding that Garcia had
physical possession of the child because Brenda lived with her aunt in Mexico and with another
relative in El Paso. We construe his argument to be that the trial court could not award child support
for periods of time that Brenda wasn’t living with her mother. Duran has not provided us with any
authority supporting his contention and candidly concedes there is none, at least in Texas. Instead,
he argues that Garcia had a legal duty to support the child and any monies she paid to her sister for
Brenda’s support should not be recouped from him. Tex.Fam.Code Ann.§ 151.001 (a)(3)(Vernon
Supp. 2005). He refers us to the following statute:
In a Title IV-D case, if neither parent has physical possession or conservatorship of
the child, the court may render an order providing that a nonparent or agency having
physical possession may receive, hold, or disburse child support payments for the
benefit of the child.

Tex.Fam.Code Ann. § 154.001(c).

            Clearly, the trial court had the discretion to order that someone other than Garcia or the
Attorney General on her behalf should receive the appropriate child support. But in the absence of
a statutory mandate, we perceive no abuse of discretion. And we decline Duran’s invitation to
legislate from the bench that a support obligee must have actual physical possession of a child. 
Countless men and women serving their country in the Middle East would no doubt find such a
ruling problematic. Those of us living in a border community recognize that many parents are
employed in Texas but support their children who remain in Mexico. We overrule Issues One and
Three.
FACTORS TO BE CONSIDERED
            In his second issue, Duran complains of the trial court’s failure to find that he has provided
his daughter with support. He claims that the court should have considered the actual necessaries
he provided, the undue financial hardship the money judgment will impose, and the age and needs
of the child when the court awarded the retroactive child support. 
            There are several factors a court must consider in awarding retroactive child support: 
(b) In ordering retroactive child support, the court shall consider the net resources of
the obligor during the relevant time period and whether:
 
(1) the mother of the child had made any previous attempts to notify the
obligor of his paternity or probable paternity;
 
(2) the obligor had knowledge of his paternity or probable paternity;
 
(3) the order of retroactive child support will impose an undue financial
hardship on the obligor or the obligor’s family; and 
 
(4) the obligor has provided actual support or other necessaries before the
filing of the action. 

Tex.Fam.Code Ann. § 154.131. Duran testified he gave Garcia cash on various occasions in
amounts ranging from $40 to $100 per week. He also testified he gave money to Brenda for food
and clothes when she moved to El Paso. Duran did not provide the trial court with any evidence of
the cash disbursements, nor did he quantify the monies actually paid. On the other hand, Garcia
testified that she never received any money from him. Duran contends her testimony was not
credible because she waited to pursue child support until after their relationship ended and Brenda
had turned eighteen. But the trial court as the trier of fact determines the credibility of a witness’s
testimony. In re E.A.S., 123 S.W.3d 565, 572 (Tex.App.--El Paso 2003, pet. denied). 
            In a proper legal sufficiency review, we consider only the evidence supporting the judgment. 
Garcia testified she received no money from Duran. Even if we were to conduct a factual sufficiency
review, our opinion would not change. Although there was conflicting testimony as to whether
Duran supported child, the trial court had the discretion to believe one witness over the other. In this
instance, the trial court may have considered Duran’s testimony but found Garcia’s testimony to be
more credible. Such a decision was well within the trial court’s discretion. 
            Next, Duran contends the imposition of the award will create financial hardship. He is sixty-two years old and about to retire from his job. Thereafter, his sole income will consist of social
security benefits. He did testify, however, that he would be interested in continuing to work if other
jobs were available.
            Finally, Duran argues other factors should have been considered. Specifically, he contends
the trial court should have considered the amount of time Garcia actually lived with Brenda and the
fact that the child is now an adult. These factors are mentioned in Section 154.123 which addresses
the award of support outside of the statutory guidelines. Tex.Fam.Code Ann. § 154.123. Here, the
trial court ordered Duran to pay 20 percent of his monthly net resources in accordance with the
guidelines. While the court might well have considered these factors, it was not an abuse of
discretion to fail to do so. 
            Based upon the testimony established at trial, we find there was legally sufficient evidence
to support the retroactive support order. Finding the evidence sufficient, we also conclude the trial
court did not abuse its discretion. Issue No. Two is overruled. Having overruled all of Duran’s
issues on appeal we affirm the judgment of the trial court. 

December 22, 2005                                                     
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Barajas, C.J., McClure, and Chew, JJ.