

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| MYRTA CABALLERO ENCINAS, | § | |
| | | No. 08-16-00050-CV |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 83rd District Court |
| BILLY WAYNE JACKSON, | § | |
| | | of Pecos County, Texas |
| Appellee. | § | |
| | | (TC# 7336) |
| | § | |

**O P I N I O N**

Appellant Myrta Caballero Encinas appeals from a final judgment entered in favor of Billy Wayne Jackson, Appellee.   We affirm the trial court's judgment.

**BACKGROUND**

In 2009, Jackson and Encinas entered into a verbal agreement regarding Encinas' lease of a commercial laundry business and property from Jackson, and the parties understood that Encinas would attempt to purchase the business and property from Jackson.   At the time the parties entered into the verbal lease agreement, Jackson had a mortgage or loan on the property with the Pecos County State Bank (the bank).   For reasons of expediency, under the terms of the verbal lease agreement, the parties agreed that Encinas would pay the bank directly and would also be

responsible for paying property taxes.

In 2011, Encinas executed an agreement to purchase the business for $231,000.00 but was unable to secure financing for that purpose. Despite her inability to obtain financing, Encinas agreed that the verbal lease agreement with Jackson remained in effect.

On February 20, 2013, the parties executed a commercial lease agreement which provided, "This lease is a written confirmation of the previous agreement made between Billy Jackson (hereinafter 'Landlord') and Myrta Encinas (hereinafter 'Tenant') in 2009, when Tenant assumed lease, and still honored by both parties currently." In the written lease agreement, Encinas agreed as Tenant to make timely monthly payments of $2,600.00 to the bank, and to "be responsible" for all taxes during the lease, from "2009 to current." The written lease agreement states that Encinas is aware that the business is for sale, and reserved to Jackson the right to sell the business if Encinas is unable to secure funding for the purchase. Encinas never purchased the business and property.

Jackson learned that Encinas had failed to pay the property taxes for 2009-2014 when Pecos County filed suit against him in an effort to recover $16,000.00 in delinquent property taxes.[1] Jackson resolved the lawsuit by paying Pecos County $16,000.00. Jackson also became aware that Encinas was in arrears on the payments to the bank in the sum of $8,000.00 when the bank president called him. Jackson immediately went to the bank and wrote a check in the amount of $8,000.00 to satisfy the note payments.

On February 25, 2014, Jackson and Encinas entered into an agreement whereby Encinas agreed to repay Billy and Jeri Sue Jackson the 2009-2014 delinquent property tax plus court fees in the sum of $16,000.00 as well as the delinquent note payments in the sum of $8,000.00. Under

---

[1] Jackson testified that correspondence from the tax office was sent to the business address.

the terms of the agreement, Encinas was to make payment of $24,000.00 in full before the close of business on March 21, 2014. Encinas never paid Jackson this sum, and no evidence was provided showing that she paid to Jackson any portion of that sum. Jackson eventually secured a purchaser for the business and property, and assisted Encinas in removing her personal items from the premises.

Jackson filed suit against Encinas asserting breach of contract and conversion, and sought recovery of damages including those for unpaid property taxes, unpaid monthly bank installments, and loss of value of personal property. Encinas counterpleaded causes of action for conversion, breach of duties and gross negligence, fraud and fraudulent inducement, breach of contract, and civil theft and sought damages and other relief.

Both Jackson and Encinas filed motions for partial summary judgment. During the final hearing, counsel referenced the trial court's prior partial summary judgment hearing, but no record of those proceedings, nor any other order regarding partial summary judgment, have been included in the record on appeal.

However, in its final judgment signed on March 7, 2016, the trial court recites that on August 4, 2015, it entered its interlocutory partial summary judgment in favor of Jackson after examining the pleadings and evidence before it, determined that no genuine issues of material fact existed, found that Encinas breached the commercial lease agreement when she failed to pay $16,000.00 in property taxes, and failed to timely pay Pecos County State Bank the sum of $8000.00 during the term of the lease agreement. Based on these findings, the trial court determined as a matter of law that Jackson is entitled to a judgment of $24,000.00 on those issues.

The final judgment also recites that "[t]hereafter, on this day a trial was held on the

3

remaining issues raised by the Defendant . . . regarding conversion of personal property." The trial court ruled that judgment should be rendered for Jackson on the controverted facts, and awarded judgment for Jackson and against Encinas in the sum of $16,000.00 as reimbursement for unpaid property tax payments that Jackson paid, and $8,000.00 as reimbursement to Jackson for the delinquent note payments he had paid, as well as other relief.

## DISCUSSION

Encinas presents two issues for our consideration. In Issue One, Encinas asserts the trial court erred by granting final judgment in favor of Jackson because Encinas' delinquent payments on Jackson's loan were satisfied by the subsequent purchaser of the business and property, and thereby unjustly enriched Jackson. We disagree.

### *Standard of Review*

Where the party having the burden of proof suffers an unfavorable finding (failure to find), the proper complaint is that the fact was established as "a matter of law." *Enchilada's Nw., Inc. v. L & S Rental Properties*, 320 S.W.3d 359, 362–63 (Tex.App.--El Paso 2010, no pet.). When attacking the legal sufficiency of the evidence to support an adverse finding on an issue for which it had the burden of proof, an appellant must demonstrate that the evidence conclusively established all vital facts in support of the issue. *Dow Chemical Company v. Francis,* 46 S.W.3d 237, 241 (Tex. 2001), *citing Sterner v. Marathon Oil Company,* 767 S.W.2d 686, 690 (Tex. 1989); *Duran v. Garcia,* 224 S.W.3d 309, 312 (Tex.App.--El Paso 2005, no pet.). A party attempting to overcome an adverse fact finding as a matter of law must surmount two hurdles. *Sterner,* 767 S.W.2d at 690; *Duran,* 224 S.W.3d at 312. First, the record must be examined for evidence that supports the finding, while ignoring all evidence to the contrary. *Sterner,* 767 S.W.2d at 690;

4

*Duran,* 224 S.W.3d at 312. Second, if there is no evidence to support the finding, then the entire record must be examined to see if the contrary proposition is established as a matter of law. *Sterner,* 767 S.W.2d at 690; *Duran,* 224 S.W.3d at 312. Only if the contrary position is conclusively established will the legal sufficiency challenge be sustained. *Duran,* 224 S.W.3d at 312–13.

*Analysis*

On March 3, 2016, after its August 4, 2015, hearing on the parties' motions for partial summary judgment, the trial court held a trial on Encinas' remaining issues regarding conversion of personal property. That record alone is before us on appeal. The trial court concluded that judgment should be rendered for Jackson. No judgment was entered in favor of Encinas on any pleaded cause of action, and no findings of fact or conclusions of law are present in the record.

It was Encinas' burden to prove her conversion cause of action. In attacking the legal sufficiency of the evidence to support an adverse finding on an issue for which she had the burden of proof, Encinas must demonstrate that the evidence conclusively established all vital facts in support of the issue. *Sterner,* 767 S.W.2d at 690; *Duran,* 224 S.W.3d at 312. While Encinas presented two theories of conversion, her complaint on appeal relates to her claim of conversion based on her alleged "'loan' equity in business purchase [sic] after sale."

Conversion consists of the wrongful exercise of dominion or control over another's property in denial of, or inconsistent with, the other's rights. *Estate of Townes v. Townes,* 867 S.W.2d 414, 419 (Tex.App.--Houston [14th Dist.] 1993, writ denied). Money is subject to conversion only when it can be identified as a specific chattel and where there is an obligation to deliver the specific money in question or otherwise particularly treat the specific

5

money. *Id.* There is no conversion where an indebtedness may be discharged generally by the payment of money. *Paschal v. Great W. Drilling, Ltd.,* 215 S.W.3d 437, 456 (Tex.App.--Eastland 2006, pet. denied); *Newsome v. Charter Bank Colonial,* 940 S.W.2d 157, 161 (Tex.App.--Houston [14th Dist.] 1996, writ denied).

We begin our analysis by examining the record for evidence that supports the trial court's adverse finding, while ignoring all evidence to the contrary. *Sterner,* 767 S.W.2d at 690; *Duran,* 224 S.W.3d at 312. This evidence includes Jackson's and Encinas' testimony that they first made a verbal lease agreement in 2009, and although Encinas wanted to purchase the laundry business and property, Encinas was unable to obtain the financing to do so, and the parties entered into a written lease agreement memorializing their 2009 agreement. Although the written commercial lease agreement states that Encinas, as tenant – and not as purchaser or buyer, would "assume the business loan," the judgment shows the trial court deemed the agreement to be a lease agreement.

Under the terms of the lease agreement, Encinas was to pay the bank directly for Jackson's business loan and was to pay property taxes to Pecos County. She testified that she understood that she was purchasing the laundry business under owner financing and acknowledged that she did not buy the business when she failed to obtain financing, but Encinas also admitted that after her financing failed, she had agreed but failed to make business loan payments as required by the on-going lease. Encinas also acknowledged that she knew, as stated in the lease agreement, that the business was for sale. Encinas never testified that she was entitled to recover any funds from Jackson's sale of the business to its purchaser, nor presented any other evidence in support of a conversion cause of action for alleged "loan equity." We disagree with Encinas' assertion on appeal that Jackson "was able to have his cake, and eat it too," as Jackson was required to pay and

6

did pay the loan and taxes that Encinas failed to pay under the terms of the lease agreement, and Encinas failed to show that as an owner, Jackson's subsequent sale of the business, even at a profit, inured any benefit to her as his tenant.

Ignoring all evidence to the contrary, we conclude the evidence in the record supports the trial court's finding, and need not proceed with the no-evidence prong of the analysis. *Sterner,* 767 S.W.2d at 690; *Duran,* 224 S.W.3d at 312. Because Encinas has not conclusively established a contrary position, we cannot sustain her legal sufficiency challenge. *Duran,* 224 S.W.3d at 312–13. Issue One is overruled.

In Issue Two, Encinas contends "any and all alternative constructions of the business loan payments by Jackson in the Trial Court are irrelevant, or in direct contravention to the express written language of the Agreement. Appellees arguments that these payments were rental payments directly to Jackson are moot[.]" Encinas has inadequately briefed this issue and has waived our consideration of it on appeal. Contrary to Rule 38.1(i), which requires appropriate citation to authorities, Encinas provides no citation to authority, nor applies applicable law to the facts of the case in support of her second issue. *See Ratsavong v. Menevilay*, 176 S.W.3d 661, 666 (Tex.App.--El Paso 2005, pet. denied); *Sunnyside Feedyard, L.C. v. Metropolitan Life Ins. Co.*, 106 S.W.3d 169, 173 (Tex.App.--Amarillo 2003, no pet.). Issue Two is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

YVONNE T. RODRIGUEZ, Justice

June 22, 2018

Before McClure, C.J., Rodriguez, and Hughes, JJ.
Hughes, J., not participating

7