COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | § | |
|---|---|---|
| VERONICA RAE CHAVEZ VARA, | | No. 08-17-00101-CV |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| v. | | 388th District Court |
| | § | |
| MARK STEVEN VARA, SR., | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC# 2012DCM10912) |
| | § | |

## O P I N I O N

Veronica Rae Chavez Vara, *pro se*, is appealing an order denying her petition to enforce the property division in the decree of divorce. We affirm.

## FACTUAL SUMMARY

The 261st District Court of Travis County signed a final decree of divorce between Veronica Rae Chavez Vara (Veronica) and Mark Steven Vara, Sr. (Mark) on February 1, 2008 in cause number D-1-FM-07-000759. The decree includes provisions addressing the sale of the marital residence in Austin, and it awarded each party 50 percent of the net proceeds from the sale. The decree required the parties to sign a listing agreement by January 11, 2008 and to sell the house at a mutually agreeable price. Mark was responsible for making the mortgage payment and Veronica had the exclusive right to use the premises until closing. Further, the decree provided that Mark would be reimbursed in the sum of $2,000 per month from February 2008 through

September 2008 for each month he made the mortgage payment unless Veronica chose to move out of the house prior to September 1, 2008. In that event, he would be entitled to the amount by which the principal on the mortgage was reduced each month after Veronica vacates the house and until the house is sold. On October 21, 2008, the 261st District Court entered a clarifying order finding that the decree unambiguously gave Veronica the exclusive right to reside in the residence until October 1, 2008, but the decree was ambiguous as to the parties' rights with respect to the residence beginning on October 1, 2008 and thereafter. The court order determined that Veronica had a right to live in the home only until October 1, 2008 and required her to vacate no later than September 30, 2008. On September 1, 2009, Mark filed a petition to enforce the decree's provisions related to the sale of the marital residence because Veronica refused to sign a listing agreement due to a disagreement over the sales price, and consequently, the home had been off of the market for several months. According to Mark's petition, Veronica would not agree to list the house within the price range recommended by the listing agents based on Austin market conditions. Following a hearing, the 261st District Court entered an order on December 22, 2009 requiring the parties to agree to a listing, offer, and final sales price within the price range described in the 2009 listing agreement. The parties sold the home in early 2010 for $450,000.

In December 2012, venue of the case was transferred from Travis County to El Paso County. On March 10, 2016, six years after the parties sold their home and divided the proceeds, Veronica filed a motion to vacate the December 22, 2009 clarification order.[1] When Mark did not file an answer, Veronica filed a motion for default judgment. The 388th District Court signed an order granting Veronica's motion and vacating the December 22, 2009 clarification order.

---

[1] Veronica's motion sought to vacate what she referred to as the January 4, 2010 clarification order. The record reflects that Judge Hurley signed the clarification order on December 22, 2009 and the order was filed by the Travis County District Clerk on January 4, 2010.

On February 13, 2017, Veronica filed a second amended petition for enforcement of the property division in the original decree of divorce alleging that: (1) she was not allowed exclusive use of the marital residence from October 1, 2008 until closing; and (2) the house was sold in 2010 at a price of $450,000 which was not agreeable to her. As relief, Veronica sought a money judgment in the total amount of $1.8 million as damages. When Mark did not file an answer, Veronica filed a motion for default judgment. The trial court conducted a default judgment hearing on March 27, 2017. Finding that the statute of limitations had expired on Veronica's petition to enforce the property division, the trial court denied the request for default judgment. Veronica filed a timely motion to correct, reform, or modify the judgment, and the trial court denied it by written order signed on April 5, 2017. On May 2, 2017, the trial court vacated the March 27, 2017 order and denied Veronica's motion for default judgment and the second amended petition for enforcement of the property division. The trial court also entered written findings of fact and conclusions of law. Veronica filed another motion for new trial which the trial court denied on August 15, 2017.

## DENIAL OF DEFAULT JUDGMENT

In Issue One, Veronica contends that the trial court erred by denying her motion for default judgment because her petition to enforce stated a valid claim for liquidated damages under a written instrument. To be entitled to a default judgment, Veronica was required to file a petition that: (1) states a cause of action, (2) invokes the trial court's jurisdiction, (3) gives fair notice to the defendant, and (4) does not disclose any invalidity of the claim on its face. *Paramount Pipe & Supply Co. v. Muhr*, 749 S.W.2d 491, 494 (Tex. 1988). A party affected by a decree of divorce providing for a division of property may request enforcement of the decree by filing a suit to enforce. TEX.FAM.CODE ANN. §9.001(a) (West Supp. 2017). To enforce the division of property

made or approved in a decree of divorce or annulment, the court may make an order to deliver the specific existing property awarded, without regard to whether the property is of especial value, including an award of an existing sum of money or its equivalent. TEX.FAM.CODE ANN. §9.009 (West Supp. 2017). If a party fails to comply with a decree of divorce and delivery of property awarded is no longer an adequate remedy, the court may render a money judgment for the damages caused by that failure to comply. TEX.FAM.CODE ANN. §9.010(a)(West 2006). Further, if a party did not receive payments of money as awarded in the decree, the court may render judgment against a defaulting party for the amount of unpaid payments to which the party is entitled. TEX.FAM.CODE ANN. §9.010(b).

When a default judgment is taken against a non-answering defendant on an unliquidated claim, all allegations of fact contained in the petition are deemed admitted, except for the amount of damages. *Holt Atherton Industries, Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992). If the claim is liquidated and proved by an instrument in writing, the damages shall be assessed by the court. TEX.R.CIV.P. 241. A claim is liquidated under Rule 241 if the amount of damages may be accurately calculated by the trial judge from the factual, as opposed to the conclusory, allegations in the plaintiff's petition and the written instruments. *See Argyle Mechanical, Inc. v. Unigus Steel, Inc.*, 156 S.W.3d 685, 687 (Tex.App.--Dallas 2005, no pet.); *Novosad v. Cunningham*, 38 S.W.3d 767, 773 (Tex.App.--Houston [14th Dist.] 2001, no pet.). When damages are unliquidated, the judge entering the default judgment must hear evidence on the damages. TEX.R.CIV.P. 243; *Holt Atherton*, 835 S.W.2d at 83; *Argyle Mechanical*, 156 S.W.3d at 687. Unliquidated claims include damages for personal injuries, lost profits, consequential damages, exemplary damages, and reasonable attorney's fees. *First National Bank of Irving v. Shockley*, 663 S.W.2d 685, 689 (Tex.App.--Corpus Christi 1983, no writ).

Veronica's second amended petition alleged that Mark violated the original decree of divorce because (1) she was not allowed to remain in the marital residence from October 1, 2008 until closing, and (2) she did not agree to the sales price of $450,000 for which the home was sold in early 2010. Veronica argues that the trial court should have entered a default judgment in her favor because the amount of damages arising from Mark's alleged non-compliance with the provisions related to the sale of the marital residence can be accurately calculated from the original divorce decree.

Veronica sought judgment in the amount of $1.2 million as damages "for her loss of the amount of all payments of principal, interest, taxes, and insurance, on the property…from October 1, 2008 until January 1, 2036 (last payment per the 30 year mortgage note) while [she] had the exclusive right to enjoy the use and possession of the residence until the former marital residence sold." She sought additional damages in the amount of $600,000 as her 50 percent share of the $1.2 million sales price for which she apparently believes the home should have been sold. The damages sought by Veronica are not liquidated because they cannot be accurately calculated from the divorce decree and the factual, as opposed to conclusory, allegations in the second amended petition to enforce. *See Crown Asset Management, L.L.C. v. Bogar*, 264 S.W.3d 420, 423-24 (Tex.App.--Dallas 2008, no pet.)(trial court did not abuse its discretion by denying motion for default judgment where the affidavit and written instrument were not sufficient to allow the trial court to accurately calculate the damages).

We have also examined the record to determine whether Veronica presented evidence supporting a claim for unliquidated damages under Rule 243. The divorce decree required the parties to sell the house and sign a listing agreement by January 11, 2008. When that listing agreement expired, Veronica refused to sign another listing agreement and the house went off the

market for several months. Mark filed a petition to enforce on September 1, 2009 because Veronica would not agree to list the house within the price range recommended by the listing agents based on Austin market conditions. Following a hearing, the 261st District Court entered a clarification order on December 22, 2009 requiring the parties to agree to a listing, offer, and final sales price within the price range described in the 2009 listing agreement. The parties signed a new listing agreement and sold the house in early 2010. At the default judgment hearing, Veronica introduced into evidence a document titled "Division of Proceeds" related to the sale of the former marital residence and division of the proceeds. The document recites that the division of proceeds was prepared in accordance with a proceeding before the 261st District Court held on February 24, 2010, and it provides a detailed accounting of how the total payout of $66,473.54 to the sellers (Mark and Veronica) would be divided between them. The document is signed by both Mark and Veronica. The 388th District Court vacated the December 22, 2009 clarification order six years after the parties sold the house and the proceeds were distributed in accordance with the provisions of the divorce decree and orders issued by the 261st District Court.

Veronica stated in her affidavit that she preferred to sell the house at a higher price[2] but was "forcefully court ordered" to sign the listing agreement because she feared she would be held in contempt of court.[3] In stark contrast with her affidavit and attached evidence showing that she would have agreed to list the house in 2009 for $499,000, Veronica testified at the default judgment hearing that she never intended to sell the house until after the mortgage was paid off in 2036, and she planned to lease out the home for $3,500 per month from October 1, 2008 until January 2036. Veronica believed that the house could have been sold for $1.2 million in 2036 and her 50 percent

___

[2] Veronica sent an email to the listing agent in which she stated that she would not agree to reduce the price of the house below $499,000.

[3] The listing agreement had a sales price of $477,400.

share of the sale would have been $600,000. Veronica arrived at the future sales price of $1.2 million by multiplying the rental value of $3,500 per month times the number of months left on the mortgage when they divorced. Veronica's plan to lease the house for more than twenty-seven years rather than sell it is immaterial because the divorce decree, which the parties expressly approved and consented to as to both form and substance, did not give her that option. The parties were required to sign a listing agreement by January 11, 2008 and sell the house for a mutually agreeable price. Veronica's right to use the house until closing did not give her the unilateral power to block the sale of the home until 2036. Further, Veronica did not establish that she has any expertise related to real estate sales or rentals in the Austin market, and her testimony regarding the projected sales price of the home in 2036 is not competent evidence. It is commonly understood that the sales price of a home is based on its market value and is not determined by multiplying its monthly rental value by the number of months left on the mortgage. As the trial court noted in its findings of fact, Veronica failed to present any evidence regarding the market value of the home in 2010 and she did not show that anyone was interested in renting the property on October 1, 2008 for $3,500 per month. Given the lack of evidence of damages, the trial court did not abuse its discretion by denying Veronica's motion for default judgment. Issue One is overruled.

## DENIAL OF PETITION TO ENFORCE

In Issues Two and Three, Veronica challenges the trial court's denial of her second amended petition to enforce the property division in the original decree of divorce. More specifically, Veronica attacks the legal sufficiency of the evidence supporting the trial court's findings.[4]

---

[4] Veronica's brief purports to challenge both the legal and factual sufficiency of the evidence, but she seeks rendition of judgment as the requested relief for these issues. Consequently, we have construed these issues as raising only a

Veronica had the burden of proof to establish her damages. When attacking the legal sufficiency of the evidence to support an adverse finding on an issue for which it had the burden of proof, an appellant must demonstrate that the evidence conclusively established all vital facts in support of the issue. *Dow Chemical Company v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001), *citing Sterner v. Marathon Oil Company*, 767 S.W.2d 686, 690 (Tex. 1989); *Duran v. Garcia*, 224 S.W.3d 309, 312 (Tex.App.--El Paso 2005, no pet.). A party attempting to overcome an adverse fact finding as a matter of law must surmount two hurdles. *Sterne*r, 767 S.W.2d at 690. First, the record must be examined for evidence that supports the finding, while ignoring all evidence to the contrary. *Id*. Second, if there is no evidence to support the finding, then the entire record must be examined to see if the contrary proposition is established as a matter of law. *Id*. The legal sufficiency challenge will be sustained only if the contrary position is conclusively established. *Duran*, 224 S.W.3d at 312-13.

Veronica's second amended petition alleged that Mark violated the original decree of divorce because (1) she was not allowed to remain in the marital residence from October 1, 2008 until closing, and (2) she did not agree to the sales price of $450,000 for which the home was sold in early 2010. She argues that she is entitled to a money judgment for damages because she no longer has exclusive use of the home.

As described in our analysis of the default judgment issue, Veronica did not present evidence supporting her claim that she suffered damages as a result of not having exclusive use of the residence from October 1, 2008 until the sale of the home closed in early 2010. Further, she did not establish the fair market value of the house or show that it could have been sold for a higher

legal sufficiency challenge. *See Elias v. Mr. Yamaha, Inc*., 33 S.W.3d 54, 59 & n.6 (Tex.App.--El Paso 2000, no pet.) (construing appellant's brief as raising only a legal sufficiency challenge because he asked appellate court to render judgment in the prayer for relief).

price in 2009 or 2010. Because Veronica failed to conclusively establish she was entitled to a money judgment in the amount of $1.8 million or a lesser amount, we overrule Issues Two and Three.

**DENIAL OF MOTION FOR NEW TRIAL**

In Issue Four, Veronica contends that the trial court abused its discretion by denying her motion for new trial. Generally, a trial court's order denying a motion for new trial is reviewed for an abuse of discretion. *In the Interest of R.R.*, 209 S.W.3d 112, 114 (Tex. 2006); *Munoz v. Rivera*, 225 S.W.3d 23, 26 (Tex.App.--El Paso 2005, no pet.). An abuse of discretion is shown where a trial court acts in an arbitrary or unreasonable manner, or without reference to any guiding principles of law. *Acosta v. Tri State Mortgage Company*, 322 S.W.3d 794, 801 (Tex.App.--El Paso 2010, no pet.).

Veronica sought a new trial because the record did not include her original and first amended petition for enforcement of the property division. The motion asserted that the Travis County District Clerk failed to transfer Veronica's original and first amended petition for enforcement of the property division when the case was transferred in 2012, and these documents demonstrate that Veronica filed her enforcement action within the two-year limitations period. While the trial court initially denied relief based on its finding that the enforcement action was barred by limitations, the trial court's final order denying the petition for enforcement recited that Veronica's petition "does not support a claim of relief that can be granted." Further, the court's findings of fact and conclusions of law demonstrate that the court based its decision on a lack of evidence on damages. Finding no abuse of discretion in the denial of the motion for new trial, we overrule Issue Four. The judgment of the trial court is affirmed.

GINA M. PALAFOX, Justice

August 22, 2018

Before McClure, C.J., Rodriguez, and Palafox, JJ.