**AFFIRMED and Opinion Filed January 29, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-18-01314-CV

## IN THE INTEREST OF A.A.M. AND J.M.J., CHILDREN

On Appeal from the 256th Judicial District Court
Dallas County, Texas
Trial Court Cause No. DF-16-15428

## MEMORANDUM OPINION

Before Justices Bridges, Whitehill, and Nowell
Opinion by Justice Bridges

In this appeal, Mother challenges a final divorce decree in which the trial court adopted a partial mediated settlement agreement (MSA). In two issues, Mother contends the trial court erred by adopting the partial MSA and by determining child support based on evidence produced through abusive discovery. We affirm.

### Background

Mother and Father were both born in India. Mother moved to the United States in 2004.[1] While attending law school in Michigan, Mother accepted an externship with a justice at the Supreme Court of India. At that time, Father worked as a senior assistant to a justice of the Supreme Court of India and was tasked with helping Mother adjust to the area because she was

---

[1] Mother became a United States citizen in 2012.

unfamiliar with that part of the country and did not speak Hindi. The two became close friends, and Father proposed to her early in their friendship but she did not accept.

Mother and Father later married in November of 2012. Mother described the relationship as emotionally and physically abusive. She said Father was "very difficult, as he was prone to tantrums including throwing things, yelling, and long exhausting tirades." The record indicates after their first son was born, Mother left with the child and spent time in a women's shelter in January 2013. Although CPS investigated Father, the allegations were "Ruled Out."

Mother and Father reconciled in February 2014. Their second son was born in November 2015. Mother alleged Father's controlling and harassing behavior began to escalate again. These periods of escalation and reconciliation continued until Mother filed for divorce in July 2016 "because of discord or conflict of personalities between Petitioner and Respondent that destroys the legitimate ends of the marriage relationship," and "Respondent is guilty of cruel treatment."

Father filed a response requesting joint managing conservatorship of the children. The August 3, 2016, associate judge's report granted temporary joint managing conservatorship to both with Mother given the right to establish the children's residence. It indicated "NO" history of family violence.

On November 7, 2016, Father filed a counter-petition for divorce in which he requested sole managing conservatorship of the children, or alternatively, joint managing conservatorship with the right to designate primary residence.

Father filed a motion for mediation on November 8, 2016. On June 20, 2018, Mother filed her objection to Father's referral for mediation because of family violence. *See* TEX. FAM. CODE ANN. §§ 6.602(d), 153.0071(f). After a hearing, the trial court signed a mediation order on July 31, 2018.

Mother and Father proceeded to mediation without any further objection. They filed a partial MSA on August 27, 2018, in which Mother and Father agreed to joint managing conservatorship of the children with certain exclusive rights given to Mother. The agreement reserved the determination of child support for trial.

On September 27, 2018, the parties participated in a bench trial in which Mother asked the trial court to, among other things, (1) incorporate the partial MSA into the final divorce decree, (2) order Father to attend and complete a Batterer's Intervention and Prevention Program, (3) find Father was intentionally underemployed, and (4) order $1,125.75 a month in child support. The trial court then heard Mother's and Father's differing views of the relationship, including Mother's admission she often told her family and Father different stories about her feelings. The trial court also heard testimony regarding Father's employment history.

At the conclusion of the bench trial, the court incorporated the partial MSA into the final divorce decree and ordered Father to pay $619.00 a month in child support. Mother then filed this pro se appeal.

### The Appellate Record

We begin by addressing the state of the record before the Court. Mother's opening brief contains numerous statements regarding events she alleged happened regarding these proceedings that are unsupported by any record citation. We may not consider such statements in our legal analysis. *See* TEX. R. APP. P. 38.1(g) (appellant's brief must state concisely and without argument the facts pertinent to the issues or points raised" and be supported by record references). Likewise, to the extent Mother asks the Court to take judicial notice of Tab 14 of her appendix, which contains documents not admitted as evidence in the trial court, we deny her request. An appellate court may not consider documents attached to an appellate brief which are not part of the record. *See Watamar Holdings S.A. v. SFM Holdings, S.A.*, 583 S.W.3d 318, 328 (Tex. App.—Houston

[14th Dist.] 2019, no pet.). Accordingly, those documents attached to Mother's appendix that are not part of the appellate record will not be considered. TEX. R. APP. P. 34.1 (appellate record consists of clerk's and reporter's record).

We recognize Mother is appearing before the Court pro se; however, she must comply with applicable laws and rules of procedure. On appeal, as at trial, the pro se appellant must properly present her case. *Strange v. Continental Cas. Co.*, 126 S.W.3d 676, 678 (Tex. App.—Dallas 2004, pet. denied).

### Adoption of the Partial Mediated Settlement Agreement

In her first issue, Mother argues the trial court abused its discretion by adopting the partial MSA granting joint managing conservatorship because the mediation, partial MSA, and trial were vitiated by fraud on the court. Further, she contends the trial court abused its discretion by adopting the partial MSA because of Father's history of family violence.

Texas has a policy encouraging "the peaceable resolution of disputes" particularly disputes involving the parent-child relationship. *In re J.A.S.C.*, 430 S.W.3d 544, 547 (Tex. App.—Dallas 2014, no pet.). In furtherance of that policy, a trial court may refer a suit affecting the parent-child relationship to mediation and, if an MSA is reached, must enter a judgment on the MSA without inquiry into whether the MSA is in the best interest of a child. *Id.*; *see also In re Lee*, 411 S.W.3d 445, 447 (Tex. 2013).[2]

An MSA is binding on the parties if the agreement: (1) provides, in a prominently displayed statement that is in boldfaced type or capital letters or underlined, that the agreement is not subject to revocation; (2) is signed by each party to the agreement; and (3) is signed by the party's attorney,

---

[2] To the extent Mother includes allegations regarding the attorneys' actions prior to and during the mediation in which she argues, in part, that her attorney "betrayed her," such allegations are outside the record. While the record includes Mother's objection to referral to mediation based on family violence, the trial court signed "an agreed order regarding mediation" on July 31, 2018, stating it had considered Mother's objection and "subsequent agreements of the parties" and ordered mediation. Mother did not further challenge the mediation in the trial court and has not challenged this order on appeal. *See, e.g., Cojocar v. Cojocar*, No. 03-14-00422-CV, 2016 WL 3390893, at *4 n.3 (Tex. App.—Austin June 16, 2016, no pet.) (noting family violence allegation pursuant to section 6.602 only addresses a party's ability to file an objection to court referral to mediation based on family violence allegation but mentions nothing about how such an allegation affects MSA).

if any, who is present at the time the agreement is signed.  TEX. FAM. CODE ANN. § 153.0071(d). However, section 153.0071(e-1) provides that a court may decline to enter a judgment on an MSA if the court finds that (1) a party to the agreement was a victim of family violence; (2) that circumstance impaired the party's ability to make decisions; and (3) the agreement is not in the child's best interest.  *Id*. § 153.0071(e-1).  For this narrow exception to apply, all three requirements must be found by the trial court.  *See In re Lee*, 411 S.W.3d at 453.  Otherwise, if an MSA meets the requirements of section 153.007(d), a party is entitled to judgment on the MSA notwithstanding rule 11, Texas rules of civil procedure, or another rule of law.  *Id*. § 153.0071(e).

We review a trial court's rendition of judgment on an MSA under an abuse of discretion standard. *In re Lee*, 411 S.W.3d at 450; *In re C.C.E.*, 530 S.W.3d 314, 319 (Tex. App.—Houston [14th Dist.] 2017, no pet.).

Here, the partial MSA includes Mother's and Father's agreement to be joint managing conservators of the children.  Directly above the "conservatorship/support/visitation" section of the partial MSA, is the following paragraph:

> **Each party to this mediation affirms by signing this Agreement that each party is mentally and physically able and capable of participating in this mediation and has willingly and voluntarily made informed decisions about this agreement without being influenced by medications, drugs, alcohol, stress, force, duress, threats, or fatigue.**

The partial MSA is initialed by each parent at the bottom of every page.  Pursuant to the requirements of section 153.0071(d), the partial MSA states the following in bolded, capital letters:

> **THE PARTIES HERETO AGREE THAT THIS MEDIATED SETTLEMENT AGREEMENT IS BINDING ON SAID PARTIES AND IS NOT SUBJECT TO REVOCATION. BOTH PARTIES ACKNOWLEDGE THAT THIS MEDIATED SETTLEMENT AGREEMENT IS ENFORCEABLE BY A COURT OF COMPETENT JURISDICTION, THAT THE COURT MAY ENTER JUDGMENT BASED UPON THIS MEDIATED SETTLEMENT AGREEMENT, AND THAT NEITHER**

**PARTY MAY WITHDRAW THEIR CONSENT TO THE TERMS OF THIS MEDIATED SETTLEMENT AGREEMENT.**

The agreement also includes both parents' signatures and their attorneys' signatures. Thus, the partial MSA complies with section 153.0071(d), and Mother has not specifically challenged these requirements.

Instead, she argues the trial court abused its discretion because section 153.004 precludes appointment of joint managing conservators when there is a history of physical abuse within the family. *See* TEX. FAM. CODE ANN. § 153.004(b) ("The court may not appoint joint managing conservators if credible evidence is presented of a history or pattern of past or present child neglect, or physical or sexual abuse by one parent directed against the other parent . . . ."). Because of the alleged history of abuse, Mother seems to argue the narrow family violence exception of 153.0071(e-1) applies thereby precluding the entry of the partial MSA. Mother did not raise this argument to the trial court. *See Martinez v. Martinez*, 157 S.W.3d 467, 471 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (party failed to preserve issue regarding violation of section 153.004 when potential applicability of section was not raised to the trial court). Rather, the record indicates the parties participated in mediation, reached a partial MSA regarding joint managing conservatorship, and reserved other issues for trial.

Further, at the beginning of the bench trial, Mother's counsel asked the trial court to "incorporate the partial Mediated Settlement Agreement that was signed and filed with the Court on August 27, 2018." When Mother testified, she agreed they had reached a partial agreement regarding a parenting plan and that the agreement was in the best interest of the children. Counsel specifically asked, "Are you asking the court to accept the agreements between you and [Father] as contained in the Mediated Settlement Agreement on file with the Court?" and Mother answered, "Yes." Neither side objected to the court taking judicial notice of the agreement. At the conclusion

of the trial and based on the relief requested, the court accepted the partial MSA and incorporated the terms into the final divorce decree.

Mother was required to present to the trial court the specific legal basis for the argument she now raises on appeal. Because she did not challenge the partial MSA for any of the reasons she now raises on appeal but instead affirmatively agreed to its incorporation into the divorce decree, she failed to preserve any further consideration of the issue. *Id.*; *see also* TEX. R. APP. 33.1.

Similarly, to the extent Mother challenges the partial MSA because of "fraud on the court," the defense must be timely raised in the trial court or it is waived. TEX. R. APP. P. 33.1(a); *see Cojocar*, 2016 WL 3390893, at *5 (fraud must be raised in trial court to preserve issue for review). She did not raise this defense; therefore, her argument is not preserved for review.

We recognize Mother testified regarding the physical, sexual, and emotional abuse she allegedly experienced at the hands of Father. The trial court further heard testimony from counselors who treated Mother and the children. However, the parties stated the issues for the trial court's consideration at the beginning of trial. These issues did not include a determination of conservatorship, whether Mother was a victim of family violence, or whether such circumstances impaired her ability to enter into the MSA. Thus, to the extent Mother seems to ask this Court to engage in a sufficiency review of the evidence heard at trial, we reject her invitation.

The partial MSA met the requirements of section 153.0071(d). Accordingly, the trial court did not abuse its discretion by incorporating it into the final divorce decree. *Id.* § 153.0071(e) (party entitled to judgment on MSA when section (d) requirements met). We overrule Mother's first issue.

**Child Support**

In her second issue, Mother argues the trial court abused its discretion by determining child support based on documentary evidence produced through abusive discovery. Mother specifically argues exhibit 10, a letter from Father's employer, was "surprise evidence" that she was not given the opportunity to inspect. However, this exhibit was admitted without any objection; therefore, any potential error in admission of the evidence is not preserved, and we shall consider the evidence in our review of the child support determination. *See* TEX. R. APP. P. 33.1(a).

We interpret Mother's challenge to the "trial court's sole reliance on exhibit 10 in determining child support against the overwhelming weight of the evidence" as "unjust and clearly wrong," a challenge to the factual sufficiency of the evidence supporting the trial court's award of $619.00 a month for child support.[3]

When reviewing child support, the reviewing court employs an abuse of discretion standard. *See Duran v. Garcia*, 224 S.W.3d 309, 313 (Tex. App.—El Paso 2005, no pet.). The test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action, but whether the trial court acted without reference to any guiding rules or principles. *Id*. (citing *Downer v. Aquamarine Operators, Inc*., 701 S.W.2d 238, 242 (Tex. 1985)). We employ a two-pronged analysis: (1) did the trial court have sufficient information upon which to exercise its discretion, and (2) did the trial court err in its application of its discretion? *Id*. We apply the traditional sufficiency review to the first question. *Id*. Once we have determined whether sufficient evidence exists, we then must decide whether the trial court made a reasonable decision. *Id*. In other words, we must determine whether the trial court's decision was not unreasonable or arbitrary. *Id*.

---

[3] Mother failed to include the standard of review or citation to any case law regarding a court's review of child support as required by the rules of appellate procedure. *See* TEX. R. APP. P. 38.1(i).

When addressing a factual sufficiency challenge, we review all the evidence in the record, including any contrary evidence to the trial court's decision. *See Thompson v. Smith*, 483 S.W.3d 87, 93 (Tex. App.—Houston [1st Dist.] 2015, no pet.). We set aside the verdict only if the finding is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Id.* (citing *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986)). In a bench trial, the trial court is the sole judge of witness credibility. *Id.* Since there are no findings of fact or conclusions of law, the trial court's order must be affirmed if it can be upheld on any legal theory that finds support in the evidence. *See In re J.D.D.*, 242 S.W.3d 916, 921 (Tex. App.—Dallas 2008, pet. denied). It is implied the trial court made all the findings necessary to support its judgment. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990).

Here, the trial court heard Father testify regarding his work history and legal experience while in India and his work and educational experience since moving to the United States. He explained his periods of temporary employment and unemployment while attending law school and studying for the bar exam. Prior to obtaining his law license in the United States, he worked for Lyft, Amazon, and Uber.

He introduced exhibit 10 into evidence without objection, which was a letter from his employer indicating his full-time employee status. The letter stated he alternated between working three-day and four-day weeks while earning $225 per day. This calculated to earning of $675 and $900 per week. His job did not provide health insurance or other benefits such as a company car or a cell phone. He testified his total monthly expenses were $2,577.51.

He admitted he recently moved into a more expensive apartment, visited India twice, and increased his monthly gas expenses. The trial court also considered Mother's testimony in which she believed Father could make $71,000 a year. She based her belief on her salary and earning

capacity as an attorney.  The trial court considered this evidence and ordered Father to pay $619.00 "[b]ased on the letter you have from your employer, using an average of the high and low."

The trial court had sufficient information before it to consider and exercise its discretion regarding the child support issue.  The child support award is not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust.  *Cain*, 709 S.W.2d at 176.  Accordingly, the trial court did not abuse its discretion by ordering Father to pay $619.00 a month in child support.  We overrule Mother's second issue.  *Duran*, 224 S.W.3d at 313.

## Ineffective Assistance of Counsel

While not included in her issues on appeal, Mother argues in a separate sub-heading she received ineffective assistance of counsel.  Except in parental-termination cases, civil litigants generally are not guaranteed effective assistance of counsel.  *See Reagins v. Walker*, 524 S.W.3d 757, 764 (Tex. App.—Houston [14th Dist.] 2017, no pet.).  Accordingly, Mother's argument is without merit.

## Conclusion

The judgment of the trial court is affirmed.[4]


/David L. Bridges/
DAVID L. BRIDGES
JUSTICE


181314F.P05

---

[4] Mother requests the Court to make several additional modifications to the trial court judgment which were not raised in the trial court or presented as issues on appeal.  Accordingly, we do not consider these requests on appeal.  TEX. RS. APP. P. 33.1, 38.1(f).



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF A.A.M. AND
J.M.J., CHILDREN

No. 05-18-01314-CV

On Appeal from the 256th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DF-16-15428.
Opinion delivered by Justice Bridges.
Justices Whitehill and Nowell participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee Fnu Anshul recover his costs of this appeal from appellant
Josia Jose Anshul.

Judgment entered January 29, 2020.