Opinion issued June 13, 2024



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————————

**NO. 01-22-00564-CV**

———————————————

**RAMESH KAPUR D/B/A AIC MANAGEMENT, Appellant**

**V.**

**WILCREST PARK TOWNHOMES OWNERS' ASSOCIATION, INC.,**
**Appellee**

---

**On Appeal from the 333rd District Court**
**Harris County, Texas**
**Trial Court Case No. 2019-03530**

---

### MEMORANDUM OPINION ON REHEARING

Appellant Ramesh Kapur d/b/a AIC Management moved for rehearing of our May 9, 2024 opinion and judgment. We deny the motion for rehearing, withdraw our opinion and judgment of May 9, 2024, and issue this opinion and judgment in its stead. Our disposition remains the same.

The trial court granted summary judgment in favor of Appellee Wilcrest Park Townhomes Owners' Association, Inc. on its claims for breach of contract, sworn account, judicial foreclosure, violations of the Texas Uniform Fraudulent Transfer Act and Texas' Fraudulent Lien or Claim Statute, declaratory relief, and attorney's fees. The trial court signed a final judgment awarding Wilcrest $20,444.27 in damages and the right to foreclose on Appellant Ramesh Kapur's townhome.[1]

Kapur argues we should reverse the final judgment on the grounds (1) he was deprived of due process because he was not notified of the summary judgment hearing, (2) he should be afforded an opportunity, on remand, to present his "meritorious defense" to Wilcrest's claims, (3) the trial court erred in denying his motion for new trial, and (4) he is entitled to sanctions against Wilcrest's counsel.

Because the trial court did not abuse its discretion in granting Wilcrest's summary judgment motion, Kapur waived his sanctions argument, and we lack jurisdiction to review the denial of Kapur's motion for new trial, we affirm the trial court's judgment.

## Background

Wilcrest is a non-profit corporation that administers the Wilcrest Park Townhomes. Kapur, doing business as AIC Management, purchased one of the

---

[1] The trial court awarded other relief in its order not relevant to our analysis.

townhomes ("the Townhome") in 2014. In May 2018, Wilcrest noticed the non–judicial foreclosure sale of the Townhome due to Kapur's alleged failure to pay the required maintenance assessments and other charges required by the Townhome's governing documents. Wilcrest alleges Kapur engaged in a series of fraudulent transfers of the property in May 2018 to avoid payment of the amounts due to Wilcrest and to avoid the non-judicial foreclosure.

In January 2019, Wilcrest sued Kapur and other individuals involved in the alleged fraudulent transfers. Wilcrest alleged that Kapur breached his contract with Wilcrest by failing to pay required maintenance assessments and other charges and that Kapur was liable for a suit on a sworn account for the same assessments and charges. Wilcrest sought judicial foreclosure of the Townhome. Wilcrest also asserted Kapur violated the Texas Uniform Fraudulent Transfer Act[2] and Texas' Fraudulent Lien or Claim Statute[3] and sought attorney's fees.[4] Kapur filed a general denial in response to the petition.

---

[2] *See* TEX. BUS. & COM. CODE § 24.001, *et. seq.*

[3] Chapter 12 of the Civil Practice and Remedies Code contains the Fraudulent Lien or Claim Statute. The Fraudulent Lien or Claim Statute provides in part:

(a) A person may not make, present, or use a document or other record with:

(1) knowledge that the document or other record is a fraudulent court record or a fraudulent lien or claim against real or personal property or an interest in real or personal property;

(2) intent that the document or other record be given the same legal effect as a court record or document of a court created by or

On August 6, 2021, Wilcrest filed a traditional motion for summary judgment and a notice of hearing setting the motion for hearing on October 5, 2021. According to the certificate of service, Kapur was served with both documents by certified mail, return receipt requested, regular mail, and electronic service. Kapur did not file a response to the summary judgment motion.

Kapur and Wilcrest attended a Zoom summary judgment hearing on October 5, 2021.[5] The trial court denied the summary judgment motion, stating it was "untimely at this point." The trial court ordered the parties to mediation.

The parties did not mediate and on December 13, 2021, Wilcrest filed a motion requesting the trial court to reconsider its motion for summary judgment.

---

established under the constitution or laws of this state or the United States or another entity listed in Section 37.01, Penal Code, evidencing a valid lien or claim against real or personal property or an interest in real or personal property; and

(3) intent to cause another person to suffer:

(A) physical injury;

(B) financial injury; or

(C) mental anguish or emotional distress.

TEX. CIV. PRAC. & REM. CODE § 12.002.

[4] Wilcrest amended its petition to include a claim for declaratory relief with respect to the validity of several deeds involving the Property and with respect to the existence of IDM Services, Inc., to which Kapur allegedly sold the property at one point. Wilcrest contends IDM did not exist as a corporation when it purportedly purchased the property.

[5] Kapur asserts he learned of the October 5, 2021 hearing from his former attorney.

4

According to the certificate of service, Kapur was served with the motion by certified mail, return receipt requested, regular mail, and electronic service.

On December 15, 2021, Wilcrest filed a notice setting a Zoom hearing for its summary judgment motion for March 1, 2022, again serving Kapur by certified mail, return receipt requested, regular mail, and electronic service. Kapur did not respond to the summary judgment motion[6] or attend the hearing. The trial court orally granted the motion at the March 1, 2022 hearing and it later issued a final judgment on March 7, 2022. Among other things, the trial court granted Wilcrest $20,444.27 in damages and the right to foreclose on the Townhome.

On April 6, 2022, Kapur filed a sworn motion to vacate summary judgment and motion for new trial, arguing service of the summary judgment motion was defective and that the address of the Townhome provided on the final judgment was incorrect. On April 19, 2022, Wilcrest filed a motion for judgment nunc pro tunc seeking to amend the final judgment to reflect the Townhome's correct address, which was properly identified in Wilcrest's summary judgment motion.

---

[6] Kapur filed a response to Wilcrest's motion for summary judgment on May 20, 2022. In the response, he alleged, among other things, that (1) the (original) final judgment contained "a fundamental error" because it provided the wrong address of the Townhome, (2) some of Wilcrest's summary judgment evidence was inadmissible, and (3) Kapur raised genuine issues of material fact as to each claim. Kapur also alleged affirmative defenses not previously pled.

The trial court signed a corrected final judgment[7] on May 25, 2022, reflecting the Townhome's correct address.

Kapur's motion for new trial was overruled by operation of law on May 23, 2022,[8] and the trial court signed an order denying the motion for new trial two days later.   This appeal ensued.

## Motion to Dismiss

Wilcrest filed a motion to dismiss Kapur's appeal for lack of jurisdiction, arguing his notice of appeal was untimely.   The Supreme Court has held that "if the court makes any change in a judgment, no matter how minuscule—adding a comma, for example—the time periods for the court's plenary power and for appeal recommence." *Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 315 (Tex. 2000).

---

[7]    As discussed below, the trial court had plenary power when it signed the corrected final judgment.  As such, the corrected final judgment was not a judgment nunc pro tunc but rather a modified judgment.  *See Alford v. Whaley*, 794 S.W.2d 920, 922 (Tex. App.–Houston [1st Dist.] 1990, no writ) (noting if court signs corrected judgment during plenary jurisdiction, it is modified judgment, even if labeled judgment nunc pro tunc).  "A trial court has plenary power to reverse, modify, or vacate its judgment at any time before it becomes final." *Mathes v. Kelton*, 569 S.W.2d 876, 878 (Tex. 1978).

[8]    A motion for new trial is overruled by operation of law seventy-five days after a judgment is signed.  TEX. R. CIV. P. 329b(c).  Because the seventy-fifth day in this case fell on Saturday, May 21, 2022, Kapur's motion for new trial was overruled by operation of law on Monday, May 23, 2022.  *See* TEX. R. CIV. P. 4; *see also N. Burnet Gun Store, LLC v. Tack, Tr. of Harvey Donald Testamentary Family Tr.*, 604 S.W.3d 587, 589 (Tex. App.—Austin 2020, no pet.) (applying Texas Rule of Civil Procedure 4 to deadline in Texas Rule of Civil Procedure Rule 329b(c)).

6

The trial court signed the first final judgment on March 7, 2022. Kapur filed his motion for new trial on April 6, 2022, and it was overruled by operation of law on May 23, 2022. *See* TEX. R. CIV. P. 329b(c) (stating motion for new trial is overruled by operation of law seventy-five days after judgment is issued). The court's plenary jurisdiction was thus set to have expired thirty days later, or on June 22, 2022. TEX. R. CIV. P. 329b(e) (stating that when motion for new trial is filed, court's plenary power is extended to thirty days after motion is overruled, either by written order or by operation of law, whichever occurs first).

The corrected final judgment was signed on May 25, 2022, during the court's plenary jurisdiction, causing the appellate deadlines to restart. *See Lane Bank Equip. Co.*, 10 S.W.3d at 315. Kapur's notice of appeal, filed on June 23, 2022, or twenty-nine days after the corrected final order was signed, was thus timely. TEX. R. APP. P. 26.1 (notice of appeal must be filed within thirty days after judgment is signed).

We deny Wilcrest's motion to dismiss the appeal.[9]

## The Summary Judgment Motion

### A. Standard of Review

We review a trial court's ruling on a motion for summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). When

---

[9] We dismiss as moot Kapur's motions to supplement the clerk's record and to extend time to file his response to the jurisdictional issue.

reviewing a ruling on a traditional summary judgment motion, we take as true all evidence favorable to the nonmovant, and we indulge in every reasonable inference and resolve any doubts in the nonmovant's favor. *Id.* at 661 (citing *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003)). To prevail on a traditional summary judgment motion, the movant must establish that no genuine issues of material fact exist and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c).

## B. Due Process

In his first issue, Kapur argues he was deprived of his due process rights because he was not notified of the March 1, 2022 summary judgment hearing.[10] He contends Wilcrest "never served a copy of [the] MSJ to any defendant" and that had he been given an opportunity to be heard, he would have presented evidence to raise a genuine issue of material fact and defeat the summary judgment.

Wilcrest filed its summary judgment motion and notice of hearing on August 6, 2021. According to the certificate of service, Wilcrest served the motion and notice that day on Kapur by certified mail, return receipt requested and regular mail at 9022 Beverlyhill St., Houston, TX 77063, and by electronic service. Kapur

---

[10] Kapur also argues that another defendant was not served with the summary judgment. Because that defendant is not a party to this appeal, we do not address that argument. Kapur also argued "all three defendants denied receiving the MSJ copy" but does not cite to the record for this proposition. The reporter's record from the October 5, 2021 hearing, which Kapur attended, does not support this statement.

8

did not file a response to the summary judgment motion[11] but appeared at the summary judgment hearing on October 5, 2021. The trial court held "that the motion for summary judgment [wa]s untimely at this point" and referred the parties to mediation.[12]

On December 13, 2021, Wilcrest filed a motion with the trial court (1) stating the parties had not been able to mediate with the court-appointed mediator and (2) asking the court to reconsider its summary judgment motion. The certificate of service indicates the motion was served on Kapur by certified mail, return receipt requested and regular mail at 9022 Beverlyhill St., Houston, TX 77063, and by electronic service. On December 15, 2021, Wilcrest filed a notice of hearing for its summary judgment motion, setting the motion for hearing on March 1, 2022. According to the certificate of service, the notice was served on Kapur by certified mail, return receipt requested and regular mail at 9022 Beverlyhill St., Houston, TX 77063, and by electronic service.

Kapur did not file a response to the summary judgment motion prior to the March 1, 2022 hearing.[13] Nor did Kapur appear at the hearing. The trial court orally granted the summary judgment motion during the hearing and signed a final

---

[11] Kapur told the trial court during the October 5, 2021 hearing he did not receive the "summary judgment motion paperwork."

[12] Contrary to Kapur's assertion in his appellate brief, the court did not decline to rule because the defendants did not receive the summary judgment motion.

[13] Kapur filed a response to the summary judgment motion on May 20, 2022.

9

judgment on March 7, 2022. The trial court later signed a corrected final judgment on May 25, 2022.

Kapur argues that "it is apparent on the face of the record that [he] did not receive either the motion for summary judgment or a notice of the hearing on the motion." He claims Wilcrest "did not serve a copy of [the] MSJ . . . even though it alleges that [the] MSJ was served on Kapur [b]y mailing it by Certified Mail RRR but provided no tracking number, no receipt of mailing, no Green Card as being proof of its receipt, or offered Envelope returned with Green card with stamp 'UNCLAIMED'[.]" Finally, Kapur argues the trial court was "expected to verify the notice requirements of the rule."[14]

Texas Rule of Civil Procedure 21a(e) provides that "[a] certificate by a party or an attorney of record, or the return of the officer, or the affidavit of any other person showing service of a notice shall be prima facie evidence of the fact of service." TEX. R. CIV. P. 21a(e). After the presumption of service is created, the burden shifts to the non-movant to rebut the presumption of service. *Landagan v. Fife*, No. 01-13-00536-CV, 2014 WL 2809813, at *4 (Tex. App.—Houston [1st Dist.] June 19, 2014, no pet.) (mem. op.). "In the absence of any proof to the

---

[14]     Kapur cites *International Insurance Company v. Herman G. West, Inc.,* 649 S.W.2d 824, 825 (Tex. App.—Fort Worth 1983, no writ) in support of his argument the trial court was expected to verify the satisfaction of the service requirements. The case does not support that proposition. Regardless, the court asked Wilcrest if the notice of hearing was sent by certified mail, return receipt requested on Kapur, and Wilcrest confirmed it had been.

contrary, the presumption has the force of a rule of law." *Thomas v. Ray*, 889 S.W.2d 237, 238 (Tex. 1994) (orig. proceeding). The presumption "vanishes when opposing evidence is introduced" that the document was not received. *Cliff v. Huggins*, 724 S.W.2d 778, 780 (Tex. 1987).

The notice of hearing filed on December 15, 2021 included a certificate of service showing Kapur was served by certified mail, return receipt requested and regular mail at 9022 Beverlyhill St., Houston, TX 77063, and by electronic service. In his appellate brief, Kapur does not argue that the physical address reflected in the certificate of service is incorrect.[15] Nor did he dispute the accuracy of the address in the sworn verification he filed in support of his motion for new trial. Kapur's former attorney provided the same physical address for Kapur in his June 4, 2021 motion to withdraw. And Kapur used the same physical address in a pleading[16] Kapur filed on January 14, 2021, in the summary judgment response he filed on May 20, 2021, and in his pro se notice of appeal.[17, 18]

---

[15] Kapur did, however, state in his motion for new trial that "he never provided" the email address identified on the certificates of service "as being his email address" and that he "does not receive any mail on" that email address. Thus, he argued, he was not served with notice of the summary judgment proceedings. He also argues on appeal that he was not served because the email address used by Wilcrest for service of documents pertaining to the summary judgment proceedings was not correct.

[16] The record only contains the last page of the pleading, which is an exhibit to Kapur's motion for new trial.

[17] The notice of appeal bears a different zip code but the same physical address. The other pleadings that identify the physical address use the 77063 zip code.

Kapur appears to argue in the sworn statement attached to his motion for new trial that health issues precluded him from collecting mail from approximately January through March 2022 at the address identified on the certificate of service.[19] But failure to collect mail, regardless of the reason, does not rebut the presumption of service. *See Nichols v. Goodger*, No. 03-16-00044-CV, 2017 WL 3122793, at *2 (Tex. App.—Austin July 20, 2017, no pet.) (mem. op.) ("That Nichols either ignored the mail or refused it outright, as he acknowledged, does not change the fact that he was, in fact, given rule-compliant notice of the trial setting. Nichols's refusal to receive or read the notices—which he uses as the basis of his argument

[18] On rehearing, Kapur argues he "designated his address for service as 319th W30th Street, Houston, Texas 77018 with the Court Reporter as required by the Court's order at the October 5, 2021 hearing." But nothing in the record reflects Kapur filed such a designation. The only record cite Kapur provides in his motion is a cite to the trial court's request that he update his address with the court. We further note that Kapur did not make this argument in his appellate brief. New arguments cannot be raised for the first time in a motion for rehearing. *See Coastal Liquids Transp., L.P. v. Harris Cnty. Appraisal Dist.*, 46 S.W.3d 880, 885 (Tex. 2001) (holding issue raised for first time on rehearing was waived); *Save Our Springs All., Inc. v. Lazy Nine Mun. Util. Dist. ex rel. Bd. of Directors*, 198 S.W.3d 300, 326 (Tex. App.—Texarkana 2006, pet. denied) ("A motion for rehearing is an inappropriate time to raise new arguments."); *St. Luke's Episcopal Hosp. v. Poland*, 288 S.W.3d 38, 46 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) ("We normally do not address matters raised for the first time in a party's rehearing motion when those same matters could have been raised in a party's opening briefs, but were not."); *ICM Mortgage Corp. v. Jacob*, 902 S.W.2d 527, 535 (Tex. App.—El Paso 1994, writ denied) ("Rehearing is not an opportunity to test alternative arguments after finding other arguments unsuccessful.").

[19] The verification states in part: "Because of these health issues, [Kapur] have had rare opportunity to attend to his official duties except to collect mail at 9022 Beverlyhill location for the past about 3 months[.] [Kapur] stated *he had no one else working at the location due to pandemic situation to accept mail.* [Kapur] further stated he is unaware if any mail was returned." (Emphasis added.)

12

that he did not receive *actual* notice of the trial setting—constitutes constructive notice of the trial setting.") (emphasis in original) (citations omitted); *cf. Guerra v. Guerra*, No. 04-20-00366-CV, 2022 WL 689097, at \*4 (Tex. App.—San Antonio Mar. 9, 2022, pet. denied) (mem. op.) ("Parents' failure to collect mail while absent from the country or to provide a different address to be served at while out of the country did not entitle them to a bill of review.").

Given Kapur's failure to produce evidence to rebut the presumption Wilcrest served him with the summary judgment motion and notice of hearings at his physical address, we conclude Kapur was not deprived of due process.

We overrule Kapur's first issue.

## C. Meritorious Defenses

Kapur argues he has a "meritorious defense to the underlying action and remand is appropriate." The record includes Kapur's original answer, which asserted a general denial and no affirmative defenses. Kapur argues he will be prejudiced if the case is not remanded so he can assert his arguments "regarding damages" and the statute of limitations.

Limitations is an affirmative defense subject to waiver if not affirmatively pleaded. *Cooke v. Morrison*, 404 S.W.3d 100, 112 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (citing TEX. R. CIV. P. 94). Texas Rule of Civil Procedure 94 specifically identifies limitations as an affirmative defense that must be pleaded in

13

a responsive pleading. TEX. R. CIV. P. 94. Because Kapur did not affirmatively plead the statute of limitations in his answer, he waived limitations. Moreover, because Kapur filed a general denial and no affirmative defenses, he also waived all other affirmative defenses. *Fawcett v. Grosu*, 498 S.W.3d 650, 663 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) ("All affirmative defenses are waived when the defendant files only a general denial.") (citing *Hassell Constr. Co. v. Stature Comm. Co.*, 162 S.W.3d 664, 667 (Tex. App.—Houston [14th Dist.] 2005, no pet.)).

Kapur has not provided any authority stating he is entitled to a remand to avoid "suffer[ing] prejudice" regarding damages awarded by the trial court in its final judgment, and we are not aware of any applicable authority in these circumstances. The case on which he relies, *Epps v. Fowler*, 351 S.W.3d 862 (Tex. 2011), is inapposite and not a summary judgment case. In *Epps*, the Supreme Court considered whether a defendant is a prevailing party entitled to attorney's fees when the plaintiff nonsuits a case without prejudice. *Id.* at 864. The Court held the defendant is only a prevailing party if the court determines on the defendant's motion "that the plaintiff took the nonsuit in order to avoid an unfavorable judgment." *Id.* The Court remanded the attorney's fee claim to the trial court to determine whether the appellees dismissed their claim to avoid an unfavorable judgment. *Id.* at 872. Nothing in the holding of *Epps* suggests we

may remand the case to allow Kapur to assert affirmative defenses he failed to raise below in the first instance.

We overrule Kapur's second issue.

## Motion for New Trial

### A. Standard of Review

We review a trial court's denial of a motion for new trial for an abuse of discretion. *In re R.R.*, 209 S.W.3d 112, 114 (Tex. 2006) (citing *Director, State Emps. Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 268 (Tex. 1994)). A trial court abuses its discretion when it acts in an "arbitrary or unreasonable" manner or when it acts "without reference to any guiding rules and principles." *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

### B. Analysis

The trial court signed its original final judgment on March 7, 2022. Kapur's motion for new trial was thus due on April 6, 2022. TEX. R. CIV. P. 329b(a) (motion for new trial is due within thirty days after judgment is signed). Kapur's motion for new trial, while file-stamped April 6, 2022, bears a certificate of service indicating it was served on April 12, 2022. Wilcrest filed a response to the motion for new trial, arguing it was untimely based on the date on the certificate of

service.[20] Kapur argues the trial court erred in denying his motion for new trial because he timely filed it, as reflected by the court's file stamp.

We need not address the timeliness of Kapur's motion for new trial because we lack jurisdiction to review its denial. Kapur's notice of appeal does not contemplate an appeal of the denial of his motion for new trial. In his notice of appeal, Kapur states he is appealing the judgment signed on May 25, 2022, which he attached to his notice. He does not indicate he is appealing the trial court's denial of his motion for new trial. We thus lack jurisdiction to review the denial of his motion. *See Ortiz v. St. Teresa Nursing & Rehab. Ctr., LLC*, 579 S.W.3d 696, 702 (Tex. App.—El Paso 2019, pet. denied) ("[W]e are precluded from considering an appeal from an order never identified in the notice of appeal.") (quoting TEX. R. APP. P. 25.1(b) ("The filing of a notice of appeal by any party invokes the appellate court's jurisdiction over all parties to the trial court's judgment or *order appealed from.*") (emphasis in original)).[21]

Even if we had jurisdiction to review the denial of Kapur's motion for new trial, we would not find the court abused its discretion. Kapur argues in his

---

[20] We note that Wilcrest conceded in its motion to dismiss the appeal for lack of jurisdiction that Kapur's motion for new trial was filed timely.

[21] On April 19, 2024, fifty days after our original opinion issued, Kapur filed a motion to amend his notice of appeal. We deny the motion. *See* TEX. R. APP. P. 25.1(g) ("After the appellant's brief is filed, the notice [of appeal] may be amended only on leave of the appellate court and on such terms as the court may prescribe.").

16

appellate brief only that his motion for new trial was timely filed, apparently believing that his motion for new trial was denied because the trial court thought it untimely. The trial court did not explain why it denied Kapur's motion, nor was it obligated to provide a reason for the denial. *See Banco Popular N. Am. v. Am. Fund US Invs. LP*, No. 05-14-00368-CV, 2015 WL 1756107, at *1 (Tex. App.—Dallas Apr. 17, 2015, pet. denied) (mem. op.) ("Because the trial court's order denied Banco Popular's motion for new trial, it was not required to give any reason for doing so."); *Nicholson v. XTO Energy, Inc.*, No. 02-16-00045-CV, 2016 WL 6648755, at *1 n.2 (Tex. App.—Fort Worth Nov. 10, 2016, no pet.) (mem. op.) (same).

Moreover, even though his motion for new trial was based on several grounds, Kapur does not argue the merits of his motion for new trial in his appellate brief. In the absence of any argument on the merits of Kapur's motion for new trial, we decline to find the trial court abused its discretion in denying it. *See* TEX. R. APP. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."); *see also Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994) (noting "long-standing rule that a point may be waived due to inadequate briefing").

We overrule Kapur's third issue.

**Sanctions**

In his fourth issue, Kapur argues Wilcrest's counsel should be sanctioned for engaging in perjury during the March 1, 2022 summary judgment hearing. Kapur contends Wilcrest's counsel "was successful in lying before the court that he had notified all parties" of the summary judgment hearing. Kapur's argument lacks a single citation to the record or to any authority. He thus waived his argument. *See* TEX. R. APP. P. 38.1(i); *see also Encinas v. Jackson*, 553 S.W.3d 723, 728 (Tex. App.—El Paso 2018, no pet.) (holding appellant waived issue on appeal by failing to provide citation to authority or apply applicable law to facts of case); *Liberty Mut. Ins. Co. v. Griesing*, 150 S.W.3d 640, 648 (Tex. App.—Austin 2004, pet. dism'd w.o.j.) ("Bare assertions of error, without citations to authority, waive error.").

Even if Kapur had not waived the issue, we lack authority to issue the requested relief. Appellate courts are authorized to impose sanctions in limited circumstances. For example, as Wilcrest notes, appellate courts are authorized to sanction a litigant with respect to the filing of a frivolous appeal. Texas Rule of Appellate Procedure 45 states:

> If the court of appeals determines that an appeal is frivolous, it may— on motion of any party or on its own initiative, after notice and a reasonable opportunity for response—award each prevailing party just damages. In determining whether to award damages, the court must not consider any matter that does not appear in the record, briefs, or other papers filed in the court of appeals.

18

TEX. R. APP. P. 45.[22]

Appellate courts also may impose sanctions in connection with attorney misconduct that occurs in the court of appeals. "[W]hen an attorney engages in misconduct *before our court* . . . we retain the inherent power to discipline such behavior when reasonably necessary and to the extent deemed appropriate." *Johnson v. Johnson*, 948 S.W.2d 835, 840 (Tex. App.—San Antonio 1997, writ denied) (emphasis added); *In re Terminix Int'l, Co., L.P.*, 131 S.W.3d 651, 653–54 (Tex. App.—Corpus Christi 2004, no pet.) (imposing sanctions pursuant to appellate court's inherent power because of attorney's acts during course of original proceeding, which violated Texas Rules of Professional Conduct); *cf. New Penn Fin. LLC v. Salvagio*, Nos. 09-19-00157-CV, 2021 WL 1306390, at *6 (Tex. App.—Beaumont Apr. 8, 2021, no pet.) (mem. op.) (assessing "punitive fine" against attorney who willfully violated appellate court's writ of injunction).

---

[22] A similar rule pertains to cases before the Supreme Court. Texas Rule of Appellate Procedure 62 states:

> If the Supreme Court determines that a direct appeal or a petition for review is frivolous, it may—on motion of any party or on its own initiative, after notice and a reasonable opportunity for response—award to each prevailing party just damages. In determining whether to award damages, the Court must not consider any matter that does not appear in the record, briefs, or other papers filed in the court of appeals or the Supreme Court.

TEX. R. APP. P. 62.

Even assuming Kapur's perjury allegations had merit, we could not grant the relief sought because we lack authority to impose sanctions in circumstances involving allegations of wrongdoing in the trial court. Appellate courts do not make fact findings, thus we cannot make a determination that perjury occurred in the trial court. "Findings of fact are the exclusive province of the jury and/or trial court." *Bellefonte Underwriters Ins. Co. v. Brown*, 704 S.W.2d 742, 745 (Tex. 1986); *see also Tex. Nat'l Bank v. Karnes*, 717 S.W.2d 901, 903 (Tex. 1986) ("[A] court of appeals cannot make original findings of fact[.]").

We overrule Kapur's fourth issue.

## Conclusion

We affirm the trial court's judgment.


Veronica Rivas-Molloy
Justice


Panel consists of Justices Kelly, Countiss, and Rivas-Molloy.

20